432 P.2d 265

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**John L. LEE, Defendant-Appellant.**

**No. 52.**

Court of Appeals of New Mexico.

Sept. 22, 1967.

Jay Morgan, Portales, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., for appellee.

## OPINION

HENSLEY, Jr., Chief Judge.

John L. Lee was charged with having violated the "Worthless Check Act", appearing as Sections 40–49–1 through 40–49–9, N.M.S.A.1953. Following a verdict of guilty and the pronouncement of sentence this appeal was launched.

■■ The single point relied upon for reversal is that the evidence presented against the appellant was not sufficient to support a conviction. Examination of the record in this case fails to disclose a motion for a directed verdict of not guilty either at the close of the State's case, or at the close of all of the evidence. Under such circumstances the appellant cannot demand a review of the evidence in this case as a matter of right. State v. Hunter, 37 N.M. 382, 24 P.2d 251. Rule 20(1) (§ 21–2–1(20)(1), N.M.S.A.1953). In State v. Garcia, 19 N.M. 414, 143 P. 1012, State v. Taylor, 32 N.M. 163, 252 P. 984, and in State v. Nuttall, 51 N.M. 196, 181 P.2d 808, it was held that where the question of the sufficiency of the evidence was not raised in the trial court it would not be considered for the first time on appeal, but the question of fundamental error could be raised initally on appeal. Accordingly, we have examined the evidence to determine if fundamental error was committed in submitting the case to the jury, or in allowing the verdict to stand.

■ In the trial court the appellant offered two defenses. First, it was contended that the manager of the payee-store was instructed to hold the check for a few days; and second, that the appellant was forced by another who was "bigger and tougher" to write and cash the check under the threat of bodily harm. The evidence is undisputed that the appellant entered the store alone and after furnishing identification cashed the $25.00 check. The check was drawn on a Texas bank. The appellant at no time had an account in or credit with the bank. (This was prima facie evidence of an intent to defraud under § 40–49–7(A), N.M.S.A.1953 (Supp. 1965).) At the time of cashing the check the cashier of the payee-store requested the address of the appellant. The address supplied by the appellant was in a town other than the city of his true residence. The appellant testified that he requested the manager of the store to hold the check. The employees of the store denied knowledge of such request, and testified that the only instruction from the manager was to cash the check. The testimony offered by the appellant relative to a request that the check be held for a few days is relied upon to negate intent to defraud. In passing upon the question of

intent the jury was properly instructed that it could take into consideration all of the facts and circumstances proved on the trial of the case. A consideration of all of the circumstances surrounding the transaction leads us to conclude that a finding of intent to defraud was supported by the evidence. See Frear v. Roberts, 51 N.M. 137, 179 P.2d 998; Anderson v. Reed, 20 N.M. 202, 148 P. 502, L.R.A. 1916 B, 862.

■ The second defense, that of compulsion or duress has never heretofore been treated in this jurisdiction. In Castle v. United States, 120 U.S.App.D.C. 398, 347 F.2d 492, it was stated that,

> "An act committed under compulsion, such as apprehension of serious and immediate bodily harm, is involuntary and, therefore, not criminal."

The annotator in 40 A.L.R.2d 908, 910, summarized as follows:

> "It has been stated generally that in order to constitute a defense to a criminal charge other than taking the life of an innocent person, the coercion or duress must be present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done."

Also in 1 Wharton's Criminal Law and Procedure § 123, we find this statement:

> "The defense of duress is not established by proof that the defendant had been threatened with violence at some prior time, if he was not under any personal constraint at the time of the actual commission of the crime charged."

The appellant testified that the party who had forced him to write the check under the threat of physical violence earlier in the day was present in the store at the time the check was written and cashed. The employees of the store testified that the appellant came into the store alone and that there was no companion with him in the store. The defense of compulsion in this case falls short of the requirements heretofore noted. The verdict was substantially supported by the testimony of the State's witnesses. No fundamental error has been shown.

The judgment and sentence will be affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.