450 P.2d 435

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**George R. McKAY, Defendant-Appellant.**

**No. 245.**

Court of Appeals of New Mexico.

Jan. 31, 1969.

Walter F. Wolf, Jr., Schuelke & Wolf, Gallup, for defendant-appellant.

Boston E. Witt, Atty. Gen., Larry N. Smith, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

Defendant appeals from a judgment of conviction of four separate offenses. His sentences for these offenses are running concurrently.

His first point is that the trial court erred in denying his motion for a directed verdict on a charge of fraud. He contends that the State failed to prove fraud ás required by § 40A–16–6, N.M.S.A.

1953, under which he was charged and convicted. This statute provides in part:

"Fraud consists of the intentional misappropriation or taking of anything of value which belongs to another by means of fraudulent conduct, practices or representations."

In ruling on a defense motion for a directed verdict, the evidence must be viewed in the light most favorable to the State. State v. Sanchez, 78 N.M. 284, 430 P.2d 781 (Ct.App.1967). The question presented by such a motion is whether there is substantial evidence to support the charge. In deciding this question on appeal, we view the evidence in the light most favorable to the State, resolving all conflicts therein and indulging all reasonable inferences therefrom in favor of the verdict of conviction. State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967).

Defendant relies upon the case of State v. Jones, 73 N.M. 459, 389 P.2d 398 (1964), which involved a conviction for obtaining money under false pretenses, and he particularly relies upon the following language in that case:

"* * * Likewise, it must be established that the victim relied on the false representation and surrendered her money to appellant on the strength of the false representation. Perry v. Superior Court of Los Angeles County, 57 Cal.2d 276, 19 Cal.Rptr. 1, 368 P.2d 529; * * *. Appellant asserts there is no testimony that the prosecuting witness relied upon the statement; **however**, in Perry v. Superior Court of Los Angeles County, **supra, it is said:**

"* * * 'the express testimony of a victim of false pretense that he was induced to part with his money by the fraudulent statements of the accused is not essential. It is sufficient if the inference of his reliance could have been drawn from all the evidence. * * *'"

Defendant contends that in the present case the State failed to show reliance by the victim upon any "fraudulent conduct, practices or representations" on his part because:

(1) In purchasing a new automobile from the victim motor company, he gave the victim's sales manager a check in the amount of $3,683.00 to cover the balance of the purchase price of the vehicle. This check was drawn on a Gallup, New Mexico bank, and defendant told the sales manager that he did not at that time have sufficient funds in the bank to cover the check.

(2) Later during the same day he said to the sales manager: "Well, if you want to, you can just go ahead and keep the car until the check is good."

However, the evidence also shows that defendant checked into the Ramada Inn at Gallup on March 31, 1967; he told the manager of the Inn he was having automobile trouble; he later told the manager of the Inn that his wife and little girl had been killed in an automobile accident in Kansas and that "he had received a very nice settlement from that accident." The manager of the Inn introduced him to the sales manager of the victim motor company on April 1, 1967, stating that defendant might be interested in purchasing a new automobile; defendant met with the sales manager on three or four occasions, and on April 4, 1967, he told the sales manager he had decided on a particular automobile; he stated that he had money in a bank in Hutchinson, Kansas, and that he was drawing the check for $3,683.00 on funds that were then in the process of being transferred from the bank in Hutchinson to the bank in Gallup; he showed the sales manager a paper described as a "collection receipt," or "collection slip," in an amount in excess of $6,000.00, from the Gallup bank directed to the Hutchinson bank; the check was delivered to the sales manager and the automobile was delivered to defendant; later in the day, when the sales manager called on defendant to get his signature to a bill of sale on the trade-in vehicle, a conversation took place between

them in which defendant did make the statement above quoted about the motor company keeping the automobile until the check cleared; in this conversation the sales manager told defendant he did not feel it necessary to hold the automobile, since defendant was staying at the Ramada Inn, and that he would see defendant in the morning; on the morning of April 5, 1967, defendant cashed a check for $35.00 at the Inn and then disappeared without checking out; later that morning the Gallup bank called the motor company and advised that the bank had learned defendant had no funds whatsoever in the Hutchinson bank; the motor company then proceeded to locate defendant; and he was later located in Tucumcari, New Mexico.

It is our opinion that this evidence substantially supports a finding that defendant did obtain the automobile by means of "fraudulent conduct, practices or representations," which were relied upon by the motor company.

Defendant's second point is that the trial court erred in denying his motion for a directed verdict on the charge of issuing a worthless check in the amount of $75.00 in violation of § 40–49–4, N.M.S.A.1953. This section of our statutes is a part of our "Worthless Check Act," and provides:

> "It is unlawful for a person to issue in exchange for anything of value, with intent to defraud, any check, draft or order for payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has insufficient funds in or credit with the bank or depository for the payment of such check, draft or order in full upon its presentation."

Defendant relies upon the exception stated in § 40–49–6(A) which provides:

> "The Worthless Check Act [40–49–1 to 40–49–9] does not apply to:
>
> "A. Any check where the payee or holder knows or has been expressly notified prior to the drawing of the check or has reason to believe that the drawer did not have on deposit or to his credit with the drawee sufficient funds to insure payment on its presentation; * * *".

This particular check was issued to and cashed by Ramada Inn on April 4. It was drawn on the same Gallup bank to which reference is herein made. The employee of the Inn, who received the check from defendant and gave him the cash therefor, testified on cross-examination: (1) defendant showed her a piece of paper indicating he did have money in the Gallup bank; (2) at the time she cashed the check she knew defendant had no money in that bank, but was expecting it to be transferred to the bank from a Kansas bank; and (3) that at the time she cashed the check she knew defendant had deposited some money in the Gallup bank, but she did not know the amount of this deposit.

On redirect examination she testified that at the time he cashed the check she was under the impression there were sufficient funds in the Gallup bank to cover the check.

Since there appears to be a conflict in her testimony as to whether she knew, had been expressly notified, or had reason to believe that defendant did not have sufficient funds on deposit in the bank to insure payment on presentation of the check, it was for the jury to decide wherein the truth lay. It was for the jury to decide the credibility of the witness and to resolve any conflicts in her testimony. Wilcoxon v. United States, 231 F.2d 384 (10th Cir. 1956); Creley v. Western Constructors, Inc., 79 N.M. 727, 449 P.2d 329, decided January 13, 1969; Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967). The jury resolved the conflict against defendant.

Defendant's third point is that the trial court committed fundamental error in allowing the case to go to the jury, in that there was not sufficient evidence of defendant's intent to defraud.

We have above discussed some of the facts which we have stated are sufficient to support the conviction of fraud in obtaining and taking the automobile.

In addition to the $75.00 check to which reference is above made, defendant was convicted of issuing a worthless check in the amount of $20.00 on April 3, and of issuing another worthless check in the amount of $35.00 on April 5. The $20.00 check was drawn on a Hutchinson, Kansas bank, and the $35.00 check was drawn on the Gallup bank. Both checks were cashed at the Ramada Inn. The check drawn on the Kansas bank was not honored because defendant had no account with that bank. The check on the Gallup bank was not honored because of insufficient funds. He did open an account with the Gallup bank on April 4, but his initial and only deposit in this account was $25.00. On the same day, he cashed the $75.00 check, and then on the following morning, before leaving town without checking out of the Inn, he cashed the $35.00 check.

Section 40–49–7, N.M.S.A.1953 (Supp. 1967), which is a part of our "Worthless Check Act," provides:

"In the prosecution of offenses under the Worthless Check Act [40–49–1 to 40–49–9], the following rules of evidence shall govern:

"A. If the maker or drawer of a check, payment of which is refused by the bank or depository upon which it is drawn because of no account in the name of the maker or drawer in said bank, proof of the fact that the maker or drawer had no account in the bank or depository upon which the check is drawn shall be prima facie evidence of an intent to defraud and of knowledge of insufficient funds in or credit with the bank or depository with which to pay said draft.

"B. If the maker or drawer of a check, payment of which is refused by the bank or depository upon which it is drawn because of insufficient funds or credit in the account of the maker or drawer in the bank or depository, fails within ten [10] days after notice to him that the check was not honored by the bank or depository, to pay the check in full, together with any protest fees or costs thereon, such failure shall constitute prima facie evidence of a knowledge of the insufficiency of funds in the bank or depository at the time of the making or drawing of said check and of an intent to defraud."

There was prima facie evidence of intent to defraud, insofar as the $20.00 check is concerned, under Subsection A of § 40–49–7, N.M.S.A.1953, supra. The only evidence relative to the dishonor of this check is that it was dishonored because defendant had no account in the bank on which it was drawn.

As to the $35.00 check, although defendant unquestionably had insufficient funds in his account with the bank to cover the same, the State failed to prove that defendant had received notice of this dishonor at least ten days before trial. Therefore, the State may not rely on the prima facie evidence rule as to intent to defraud set forth in Subsection B of § 40–49–7, N.M.S.A.1953, supra. However, it does not so rely.

■ Defendant relies on State v. Lee, 78 N.M. 421, 432 P.2d 265 (Ct.App.1967) in support of his third point as to all three worthless check convictions and particulary as to his convictions for issuing the $20.00 and $35.00 checks, because he made no motions for directed verdicts as to the charges concerning these checks. As in the case of State v. Lee, supra, we are of the opinion that a consideration of all of the circumstances surrounding the issuing of the three checks leads us to conclude that a finding of intent to defraud was supported by the evidence. There is nothing in the record of this case to warrant the application of the doctrine of fundamental error. On the matter of the application of this doctrine, see Smith v.

State, 79 N.M. 450, 444 P.2d 961 (1968); State v. Tapia, 79 N.M. 344, 443 P.2d 514 (Ct.App.1968); State v. Manlove, 79 N.M. 189, 441 P.2d 229 (Ct.App.1968); State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App.1968); State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App.1967).

The judgment and sentences should be affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.

WOOD, J., not participating.