487 P.2d 1088

STATE of New Mexico, Plaintiff-Appellee,

v.

Danny Ray LeMARR, Defendant-Appellant.

No. 9219.

Supreme Court of New Mexico.

Aug. 9, 1971.

Thomas J. Hynes, Farmington, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Justice.

Defendant Danny Ray LeMarr was tried before a jury on five separate charges in the District Court of San Juan County, New Mexico. The charges, all by indictment, were burglary, kidnapping, aggravated battery, armed robbery and attempted rape. Defendant was found guilty on all five counts and sentenced to life imprisonment. The cause is on appeal from said conviction.

Testimony at the trial revealed that the defendant and one Wheeler escaped from the honor farm in Delta, Colorado (a state penal institution), wended their way to San Juan County, New Mexico, and during their stay there, the following incidents from which the charges were filed, occurred. A Mrs. Dolly Miller was purportedly assaulted with a knife and robbed; burglary of a laundromat; a kidnapping and an attempted rape of Mrs. Miller were also alleged.

An oral confession was given by defendant after his apprehension by officers. The defendant was properly advised of his rights in line with the case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The defendant claims that the confession was involuntary and that its admission into evidence was error on the part of the trial judge. Defendant objected to the use of the confession at the beginning of the trial. With the jury absent, a hearing concerning the confession was conducted and at the conclusion the court found that the confession was voluntary. During the hearing the following testimony of officer Mehl Tafoya of the Farmington, New Mexico, Police Department was recorded:

"Q Would you tell us what happened at that time?

"A Prior to interviewing Mr. LeMarr at this time, we had a waiver for rights and I read it to him, and as I was reading I would ask him various questions concerning whether or not he understood what I was saying, I also asked him how much education he had and he said sixth grade but had done a lot of reading and understood what I was saying. I then handed him the same waiver and asked him tc read it out loud,

which he did, and asked him if he wanted to waive his rights and discuss it with us, he said, 'Yes, if you fellows promise not to put me in the same cell with Mr. Wheeler, because he will kill me.' "

The same or similar statements were reflected in the testimony before the jury.

■ We feel that the confession was a voluntary one following the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). The answer of the officer to the effect that such would not be done was a natural one and certainly not phrased in a threatening or other unjustified manner. See State v. Lindemuth, 56 N.M. 257, 243 P.2d 325 (1952). In our opinion, State v. Dena, 28 N.M. 479, 214 P. 583 (1923), is not controlling here because of different facts and circumstances.

■ The defendant, because he was convicted of being an aider and abettor to the attempted rape committed by Wheeler, also objected to the court's use of instruction No. 14–C and its refusal to substitute defendant's requested instruction No. 1. The instruction given reads as follows:

"14–C. When a person has once committed acts which constitute an attempt to commit a crime, he cannot avoid responsibility by not proceeding further with his intent to commit the crime, either by reason of voluntarily abandoning his purpose or because of a fact which prevented or interfered with his completing the crime."

Defendant's requested instruction No. 1 states:

"Where a person intends to commit a crime but before his acts and conduct become an attempt and no act has been committed toward the ultimate commission of the crime, he makes no effort to accomplish it but abandons his original intent, the crime of attempt has not been committed."

The instruction given was intended to cover the situation wherein there was an alleged attempt to commit a rape upon the person of Mrs. Miller by a co-felon of appellant, Kenneth Wheeler. The evidence reflects nothing factual that would permit the giving of defendant's requested instruction No. 1. On the contrary, the evidence does reflect, and is uncontradicted, that Wheeler ripped off her shirt and attempted to take off her pants before he stopped his aggression. The defendant had been in the automobile prior to this action, and was in close proximity at the time, having left the automobile at the request of Wheeler, therefore implicating himself in and giving his tacit consent to Wheeler's actions. The testimony further reflects that Wheeler stopped his activity upon discovering blood on the shoulder of Mrs. Miller. Section 40A–28–1, N.M.S.A. (Repl.Vol. 6, 1964) states:

"Attempt to commit a felony consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission."

Section 41–6–34, N.M.S.A. (1953 Comp.) also states:

"Every person concerned in the commission of an offense, whether he directly commits the offense or procures, counsels, aids or abets in its commission, may be indicted or informed against as principal."

In light of the evidence adduced, the court's instruction, along with the other instructions, adequately and fairly covered the matter and the defendant's tendered instruction was properly refused.

■ Defendant offered two instructions, among others, that were denied by the court and defendant claims error as to such denial. The requested instructions are:

"No. 6. You are instructed that a person is not guilty of a crime when he commits an act or engages in conduct, otherwise criminal, when acting under threats and menaces which would create in the mind of a reasonable person the fear that his life would be in imminent and immediate danger if he did not commit the act or engage in the conduct

charged, such person then believes that his life would be so endangered."

"No. 7. If you find that defendant was acting under duress or compulsion at the time of committing the unlawful act which he is charged with and that said duress or compulsion was present, imminent, and impending, and that the said duress or compulsion produced a well-grounded apprehension in the defendant of death or serious bodily harm to the defendant if he did not perform the said unlawful act, then you will find the defendant not guilty as charged."

During the course of the trial defendant offered evidence to the effect that his participating in the crimes was as a result of duress and compulsion brought about by Wheeler. The defendant testified that Wheeler had threatened him with a knife if he did not break into a laundromat building. Interestingly enough, Wheeler promptly handed defendant the knife and defendant proceeded to the laundromat building. The defendant testified that he desired to turn himself in on several occasions, and on each occasion was threatened by Wheeler with bodily harm. However, the testimony of the defendant at the trial revealed that he had several opportunities to escape. At times, during the commission of the alleged acts, the defendant himself was in possession of the knife and on a number of occasions was outside of or away from the immediate control of Wheeler.

In connection with the defendant's assertion that he fled the Colorado prison camp because of coercion on the part of Wheeler, see People v. Noble, 18 Mich.App. 300, 170 N.W.2d 916 (1969), wherein the defendant attempted to justify his escape from a prison work camp to avoid homosexual attacks by other prisoners. The court rejected this defense and said, "However, the answer to the problem is not the judicial sanctioning of escapes."

In State v. Good, 110 Ohio App. 415, 165 N.E.2d 28, at 31, 32 (1960), the court said:

"The force which is claimed to have compelled criminal conduct against the will of the actor must be immediate and continuous and threaten grave danger to his person during all of the time the act is being committed. That is, it must be a dangerous force threatened 'in praesenti.' It must be a force threatening great bodily harm that remains constant in controlling the will of the unwilling participant while the act is being performed and from which he cannot then withdraw in safety. Fear of future harm cannot be the basis of such a defense."

In our own Circuit, in an opinion authored by Circuit Judge Sam G. Bratton in Shannon v. United States, 76 F.2d 490, at 493, (10th Cir. 1935), where two defendants among 14, in a conspiracy to kidnap case, asserted a defense of coercion from the other conspirators as a defense to their guilt, Judge Bratton said:

"Coercion which will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. One who has full opportunity to avoid the act without danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury. * * * "

As to a statement of the rule in New Mexico, see State v. Lee, 78 N.M. 421, 432 P.2d 265 (1967).

With a comprehensive view of all of the evidence and instructions we are of the opinion that there was no error involved in the rejection of defendant's requested instructions Nos. 6 and 7 by the trial court.

Having determined that there was no error appropriate for a reversal of this cause the conviction of the defendant is affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.