512 P.2d 97

STATE of New Mexico, Plaintiff-
Appellee,

v.

Robert Nick LANDLEE, Defendant-
Appellant.

No. 1120.

Court of Appeals of New Mexico.

June 20, 1973.

Charles P. Reynolds, Albuquerque, for
defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Ros-
enthal, Special Asst. Atty. Gen., Kegel &
McCulloh, Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Defendant was indicted for fourth degree
felony fraud pursuant to § 40A–16–6, N.M.
S.A.1953 (2d Repl.Vol. 6) which defines
fraud as follows:

> "Fraud consists of the intentional mis-
> appropriation or taking of anything of
> value which belongs to another by means
> of fraudulent conduct, practices or rep-
> resentations."

Defendant was convicted of the misappro-
priation of scrap copper from Lane Plumb-
ing Company but the jury found that the
amount taken was less than $100.00 in val-
ue. Accordingly, judgment and sentence
were entered against defendant for com-
mitting a petty misdemeanor. He appeals,
alleging that: (1) there was insufficient
evidence to support the verdict; and, (2)
that the prosecutor improperly commented
on defendant's failure to take the stand.

We affirm.

(1) *The verdict was supported by sub-
stantial evidence.*

■ In reviewing the substantial evi-
dence issue, we must view the evidence in
the light most favorable to the conviction,
resolving all conflicts and indulging all
inferences in favor thereof. State v. Mc-
Kay, 79 N.M. 797, 450 P.2d 435 (Ct.App.
1969); State v. Hinojos, 78 N.M. 32, 427
P.2d 683 (Ct.App.1967).

The defendant contends that there is no
substantial evidence of misrepresentation on
his part. The record indicates the con-
trary. The defendant approached an em-
ployee of the Lane Plumbing Company,
falsely represented himself as one Nick
Arnel and stated that he " * * * was in
a habit of picking up Pete's scrap metal.
* * * "

Pete Van Winkle was the manager of
the company and the person empowered to
dispose of scrap metal. The employee was

under the impression that someone was supposed to pick up the copper scrap that day. Therefore, he helped defendant load it on the truck.

Pete Van Winkle testified that the company always sold the scrap metal in bulk, usually to a scrap metal man in Socorro. He stated that he had not given permission for anyone to take the copper scrap that day. He testified that he had never given copper scrap to the defendant. In fact, he had never seen him before. A fraudulent representation is defined in State v. Tanner, 22 N.M. 493, 164 P. 821 (1917) as follows:

> " '[an intentional misrepresentation] . . . of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value.' "

The testimony of Pete Van Winkle contains substantial evidence indicating that defendant knowingly and intentionally misrepresented the facts when he stated he was in the habit of picking up Pete's scrap metal. The fact that defendant mentioned Pete's name and stated that he had engaged in similar conduct in the past induced the employee to part with the copper scrap. The fact that the employee complied with his misrepresentation to a greater extent than he thought does not excuse defendant. We hold that there was substantial evidence to support the conviction.

**(2)** *The prosecuting attorney made no reference to defendant's failure to take the stand which could serve as the basis for a mistrial.*

In closing argument the prosecuting attorney stated:

> " . . . In this particular case, I think you'll find all the elements of the crime of fraud as described to you by His Honor have been met. There was the State's uncontradicted case, first that there was a positive identification."

At this point the defendant's attorney interposed a timely objection and moved for a mistrial on the grounds that the remark improperly referred to defendant's failure to testify.

Neither party has seen fit to discuss State v. Aguirre, 84 N.M. 376, 503 P.2d 1154 (1972). In a rape case the prosecutor referred to the "uncontradicted testimony" concerning defendant's actions immediately prior to the act. The court stated:

> " . . . The reference was to the uncontradicted testimony of the victim. This was not only the truth, but was nothing more than a fair comment upon the evidence. . . ."

The court therefore held that the remark was not a comment upon the defendant's failure to testify. We do not believe that there is a material difference in the remark made in the instant case.

The judgment and sentence is affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.