576 P.2d 1129

**Patricio ESQUIBEL, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 11813.**

Supreme Court of New Mexico.

March 27, 1978.

Rehearing Denied April 12, 1978.

John B. Bigelow, Chief Public Defender, Reginald J. Storment, Appellate Defender, Douglas Barr, Asst. Appellate Defender, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Eloy Martinez, Dist. Atty., Anthony Tupler, Asst. Dist. Atty., Santa Fe, for respondent.

## OPINION

FEDERICI, Justice.

Defendant-appellant was convicted of escape from the New Mexico State Penitentiary in violation of § 40A–22–9, N.M.S.A. 1953 (Repl.1972). He contends the trial court erred in refusing a requested instruction which was based upon N.M. U.J.I.Crim. 41.20 [Vol. 6, N.M.S.A.1953 at 329 (Supp. 1975)]. The trial court refused a tendered instruction by defendant in substantially the language of N.M. U.J.I.Crim. 41.20. The Court of Appeals affirmed the trial court. We reverse.

The Court of Appeals stated in its opinion that N.M. U.J.I.Crim. 41.20 does not appear to be a sufficient instruction on duress as a defense to any crime because it does not cover "opportunity to avoid the danger." The Court of Appeals cites *State v. LeMarr,* 83 N.M. 18, 487 P.2d 1088 (1971) in support of this view. *LeMarr,* however, did not establish an additional element of the duress defense which is absent from our present instruction. The "full opportunity to avoid the act without danger" language

quoted in *LeMarr* is merely an alternative expression of the traditional requirement that, in order to constitute a defense, the coercion or duress must be "present, imminent, and impending, and of such nature as to induce a well-grounded apprehension of death or serious bodily injury." Annot., 69 A.L.R.3d 678, 684 (1976). The Court of Appeals further stated that N.M. U.J.I. Crim. 41.20 was not intended to cover duress as a defense to an escape charge and that, as a consequence, no uniform jury instruction on duress as a defense to an escape charge has been provided for New Mexico. The Court of Appeals recognizes the rule that it has no authority to set aside an instruction approved by the Supreme Court. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

■ Duress and coercion are defenses to a criminal charge, if the accused feared immediate great bodily harm to himself or another person if he did not commit the crime charged and if a reasonable person would have acted the same way under the circumstances. *State v. LeMarr, supra; State v. Lee,* 78 N.M. 421, 432 P.2d 265 (Ct.App.1967), N.M. U.J.I.Crim. 41.20; Annot., 69 A.L.R.3d 678 at 684 (1976).

N.M. U.J.I.Crim. 41.20 reads:

DURESS—NON HOMICIDE CRIMES[1]

Evidence has been presented that the defendant was forced to _____[2] under threats. If the defendant feared immediate great bodily harm to himself or another person if he did not commit the crime and if a reasonable person would have acted in the same way under the circumstances, you must find the defendant not guilty. The burden is on the State to prove beyond a reasonable doubt that the defendant did not act under such reasonable fear.

### USE NOTE

[1] For use when duress is a defense to any crime except a homicide or crime requiring intent to kill.

[2] Describe acts of defendant constituting the offense.

N.M. U.J.I.Crim., General Use Note [Vol. 6, N.M.S.A.1953 at 289 (Supp.1975)] provides in pertinent part as follows:

When a Uniform Instruction is provided for the elements of a crime, a defense or a general explanatory instruction on evidence or trial procedure, the Uniform Instruction must be used without substantive modification or substitution.

. . .

In *State v. LeMarr, supra,* this Court sets forth the statement of the rule applicable to duress:

In our own Circuit, in an opinion authored by Circuit Judge Sam G. Bratton in *Shannon v. United States,* 76 F.2d 490, at 493 (10th Cir. 1935), where two defendants among 14, in a conspiracy to kidnap case, asserted a defense of coercion from the other conspirators as a defense to their guilt, Judge Bratton said:

"Coercion which will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. One who has full opportunity to avoid the act without danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury. * * *"

As to a statement of the rule in New Mexico, see *State v. Lee,* 78 N.M. 421, 432 P.2d 265 (1967).

83 N.M. at 21, 487 P.2d at 1091.

In *State v. Lee, supra,* the Court of Appeals said:

The second defense, that of compulsion or duress has never heretofore been treated in this jurisdiction. In *Castle v. United States,* 120 U.S.App.D.C. 398, 347 F.2d 492, it was stated that,

"An act committed under compulsion, such as apprehension of serious and immediate bodily harm, is involuntary and, therefore, not criminal."

The annotator in 40 A.L.R.2d 908, 910, summarized as follows:

"It has been stated generally that in order to constitute a defense to a criminal charge other than taking the life of an innocent person, the coercion or du-

ress must be present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done."

Also in 1 Wharton's Criminal Law and Procedure § 123, we find this statement:

"The defense of duress is not established by proof that the defendant had been threatened with violence at some prior time, if he was not under any personal constraint at the time of the actual commission of the crime charged."

78 N.M. at 423, 432 P.2d at 267.

■ Duress, as it is expressed in *State v. Lee, supra,* and *State v. LeMarr, supra,* is an historical and widely recognized defense. *See generally*: Annot., 40 A.L.R.2d 908 (1955); Annot., 69 A.L.R.3d 678 (1976); *People v. Luther,* 394 Mich. 619, 232 N.W.2d 184 (1975). We hold that duress is a defense available in New Mexico except when the crime charged is a homicide or a crime requiring intent to kill.

■ The defense of duress is a question for the jury. *People v. Luther, supra.* A defendant successfully raises the defense of duress when he presents evidence, as here, from which a jury could conclude that he feared immediate great bodily harm to himself or another person if he did not commit the crime charged and that a reasonable person would have acted in the same way under the circumstances. The defendant thus having established a prima facie case of duress, the burden then shifts to the State to prove beyond a reasonable doubt that the defendant did not act under such reasonable fear. N.M. U.J.I.Crim. 41.-20.

■ The State urges that we adopt a contrary view, as expressed by the California Court of Appeals in the case of *People v. Lovercamp,* 43 Cal.App.3d 823, 118 Cal. Rptr. 110 (1974). That court, speaking of duress as "necessity," held:

[A] limited defense of necessity is available if the following conditions exist:

(1) The prisoner is faced with a specific threat of death . . . or substantial bodily injury in the immediate future;

(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

(3) There is no time or opportunity to resort to the courts;

(4) There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

43 Cal.App.3d at 831, 832, 118 Cal.Rptr. at 115 (footnote omitted).

The preconditions set forth in *Lovercamp* are, in our view, matters which go to the weight and credibility of the testimony upon which the defendant bases his prima facie case. *People v. Unger,* 66 Ill.2d 333, 5 Ill.Dec. 848, 362 N.E.2d 319 (1977). To the extent that competent evidence may be produced as to any of these conditions, it is relevant to both the proof and disproof of the claim of defense. *People v. Luther, supra.* Such evidence is available to the prosecution in its task of overcoming the defendant's prima facie case of duress.

■ One final point remains to be addressed. Both the Court of Appeals and the trial court held that the testimony presented by defendant was insufficient to present a jury issue as to *immediate* danger of death or serious bodily harm. We have reviewed the transcript of the proceedings and have found that it reveals substantial evidence of a prolonged history of beatings and serious threats toward this defendant by certain guards and prison personnel. In this case a jury might conclude that the defendant acted under a genuine fear of great bodily harm to himself. The most recent threat occurred some 48 to 72 hours before the defendant's escape from the institution. Under the circumstances of this case, the passage of two to three days between threat and escape does not suffice to

remove the defense of duress from the consideration of the jury. What constitutes present, immediate and impending compulsion depends on the circumstances of each case. *People v. Harmon,* 394 Mich. 625, 232 N.W.2d 187 (1975); Note, *Duress And The Prison Escape: A New Use For An Old Defense,* 45 So.Cal.L.Rev. 1062 (1972).

We hold that the jury in this case should have been instructed on the duress defense under N.M. U.J.I.Crim. 41.20. The Court of Appeals and the trial court are reversed and the cause is remanded to the trial court with instructions to grant defendant a new trial and to proceed in accordance with this opinion.

IT IS SO ORDERED.

McMANUS, C. J., SOSA, EASLEY and PAYNE, JJ., concur.