642 P.2d 1119

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**William Victor NORUSH,
Defendant-Appellant.**

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jesse TRUJILLO, Defendant-Appellant.**

Nos. 5158, 5148.

Court of Appeals of New Mexico.

Feb. 9, 1982.

Certiorari Denied March 24, 1982.

John B. Bigelow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for appellant Norush.

John B. Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for appellant Trujillo.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

Norush was convicted of escape from the penitentiary; Trujillo was convicted of escape and conspiracy to escape from the penitentiary. Section 30–22–9, N.M.S.A. 1978, and § 30–28–2, N.M.S.A.1978 (Supp. 1981). The convictions occurred at separate trials; separate appeals were taken. A common issue disposes of both appeals. That issue involves changes in the defense of duress between the time of the offense and the time of trial. We discuss: 1) the "ex post facto" prohibition, and 2) the State's arguments seeking to avoid a decision of the "ex post facto" issue.

*Ex Post Facto Prohibition.*

The offenses occurred on December 9, 1979. When the offenses were committed, the law in New Mexico (*See, Esquibel v. State*, 91 N.M. 498, 576 P.2d 1129 (1978)) was that the duress defense stated in U.J.I. Crim. 41.20 was a defense to the charge of escape from the penitentiary. When the escape charges were tried in March and April, 1981, the duress defense to escape from the penitentiary had been changed. U.J.I.Crim. 41.20 (Use Note) and 41.22, N.M.S.A.1978 (1981 Supp. to Judicial Pamphlet 19). The change limited the duress defense, by adding requirements before the defense applies, when the charge being tried was escape from the penitentiary. *Compare,* U.J.I.Crim. 41.20 with U.J.I.Crim. 41.22. There is no issue as to the legal correctness of U.J.I.Crim. 41.22. *See, United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).

United States Constitution art. I, § 10, and New Mexico Constitution art. II, § 19, prohibit state legislative enactment of ex post facto laws. The changes in the duress defense, to a charge of escape from the penitentiary, were not made by the Legislature. The change was made in jury instructions approved by the Supreme Court. Where, as in this case, the issue involves judicial action, the issue has been decided in federal cases on due process, rather than ex post facto grounds.

In *Bouie v. Columbia*, 378 U.S. 347, 84 S.Ct. 169, 12 L.Ed.2d 894 (1964), defendant's conviction for criminal trespass was upheld by the South Carolina Supreme Court on the basis of that court's interpretation of the trespass statute, making the statute applicable to defendant's conduct after the conduct occurred. The Supreme Court reversed, stating:

> If a state legislature is barred by the Ex Post Facto Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction.... The fundamental principle that "the required criminal law must have existed when the conduct in issue occurred," Hall, General Principles of Criminal Law (2d ed. 1960), at 58–59, must apply to bar retroactive criminal prohibitions emanating from courts as well as from legislatures.

New Mexico, however, has held that a state constitutional prohibition on legislative enactments applies equally to judicial rule making. *Marquez v. Wylie*, 78 N.M. 544, 434 P.2d 69 (1967); *State v. DeBaca*, 90 N.M. 806, 568 P.2d 1252 (Ct.App.1977).

We consider the issue an ex post facto issue, recognizing that it would be considered a due process issue in a federal court. There is no difficulty as to this because an approved jury instruction, "applied retroactively, operates precisely like an ex post facto law". *Bouie v. Columbia, supra.*

*State v. Kavanaugh*, 32 N.M. 404, 258 P. 209 (1927), reviewed various aspects of the ex post facto concept. One aspect was a law taking away what was a good defense at the time of the crime. In holding a change in the grand jury system was not applied ex post facto, *Kavanaugh* states "no change was made in the legal rules of evidence requiring for his conviction less or different testimony than was required at the time of the commission of the offense."

▮ *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), reaffirms that a statute which deprives one charged with a crime of a defense available

according to law at the time the act was committed, is prohibited as ex post facto. Jury instructions which deprive an accused of a defense available at the time of his act are also prohibited as ex post facto. *Marks v. United States*, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977); *see, Splawn v. California*, 431 U.S. 595, 97 S.Ct. 1987, 52 L.Ed.2d 606 (1977).

It is unnecessary to consider defendants' argument that the change in jury instructions was more than procedural change. *See, Splawn v. California, supra; Woo Dak San v. State*, 36 N.M. 53, 7 P.2d 940 (1931). *Beazell v. Ohio*, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925), states:

> Expressions are to be found in earlier judicial opinions to the effect that the constitutional limitation may be transgressed by alterations in the rules of evidence or procedure. [Citations omitted.] And there may be procedural changes which operate to deny to the accused a defense available under the laws in force at the time of the commission of his offense, ... as to fall within the constitutional prohibition.

▮ A change which made U.J.I.Crim. 41.22 the applicable instruction for the defense of duress would have deprived defendants of the duress defense available at the time of their escape. *See*, U.J.I.Crim. 41.20 and *Esquibel v. State, supra*. A use of U.J.I.Crim. 41.22 as the applicable instruction at the trial of these two defendants was prohibited as ex post facto.

*Arguments seeking avoidance of the ex post facto issue.*

The State does not contend that use of U.J.I.Crim. 41.22 would be proper and not violative of the ex post facto prohibition. The State's arguments seek to avoid a decision of the ex post facto issue. We identify and answer their arguments.

(a) *Raising the issue in the trial court.*

▮ The ex post facto issue involves instructions given and refused. The applicable rule is R.Crim.P. 41(d). Norush request-

ed U.J.I.Crim. 41.20 by tendering that instruction in writing. As an alternative, Norush orally requested U.J.I.Crim. 41.22. No duress instruction was given. There being a failure to instruct on duress, and Norush having tendered the applicable instruction, Norush raised the issue of the proper duress instruction.

 Trujillo tendered in writing U.J.I. Crim. 41.22, explaining that he did so to comply with the requirements stated in U.J.I. Criminal. Trujillo also asked "that the old duress instruction be given, 41.20, instead of 41.22." The State contends that Trujillo may not claim error for the failure to give U.J.I.Crim. 41.20 because he tendered U.J.I.Crim. 41.22. We agree with the State that as a general proposition, a defendant may not complain of an instruction given at his request. *State v. Mills*, 94 N.M. 17, 606 P.2d 1111 (Ct.App.1980). This general proposition is not applicable because it is undisputed that defendant requested U.J.I.Crim. 41.22 only in compliance with U.J.I. Criminal requirements, and that the duress instruction sought was U.J.I. Crim. 41.20. The trial court understood that the issue was which of the two instructions applied; the issue was sufficiently raised under R.Crim.P. 41(d).

(b) *Sufficient evidence for a duress instruction.*

 In Trujillo's case, U.J.I.Crim. 41.22 was given. In Norush's case, no duress instruction was given. The State contends that even if U.J.I.Crim. 41.20 was the applicable duress instruction, the evidence was insufficient for that instruction to be given. For U.J.I.Crim. 41.20 to be given in these cases, evidence was required that defendants "feared immediate great bodily harm." The State asserts that evidence of "immediacy" was lacking. *Esquibel v. State, supra*, states: "What constitutes present, immediate and impending compulsion depends on the circumstances of each case." The evidence in each of these cases permits the inference that the fear of great bodily harm was a continuing and constant fear which had extended for a substantial period of time. From the evidence, a jury could determine that the fear was immediate. There was a jury issue as to the duress defense.

(c) *Whether the issue of the duress instruction was raised in the docketing statement.*

Rule 205(a) of the Rules of Criminal Appellate Procedure provides that the docketing statement is to identify the issues presented by the appeal. Norush's docketing statement specifically raises, as an ex post facto issue, the trial court's ruling that U.J.I.Crim. 41.20 was no longer an applicable duress instruction.

 The original docketing statement in Trujillo's case was rejected for non-compliance with R.Crim.App.P. 205. The amended docketing statement raised an issue as to the burden of proof of duress—this did not raise an ex post facto issue. Summary affirmance of defendant's conviction was proposed on the basis of claims made in the amended docketing statement. Opposing summary affirmance, defendant contended that the use of U.J.I.Crim. 41.22 in defendant's case and the ruling that U.J.I.Crim. 41.20 could not be used, violated the prohibition against ex post facto laws and was so egregious in Trujillo's case that there was fundamental error. On the basis of the response, the case was reassigned to the limited calendar. The ex post facto issue, contrary to the State's contention, was sufficiently raised in Trujillo's case. *See, Eller v. State*, 90 N.M. 552, 566 P.2d 101 (1977); *State v. Jacobs*, 91 N.M. 445, 575 P.2d 954 (Ct.App.1978).

(d) *Supreme Court orders.*

 Lower courts (District Courts and the Court of Appeals) must comply with orders of the Supreme Court. *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). In each case the trial court refused to give U.J.I.Crim. 41.20 on the basis that the Supreme Court had ordered that this instruction was not to be given when duress is asserted as a defense to the charge of escape from the penitentiary. The State as-

serts that the Court of Appeals cannot consider the propriety of the failure to give U.J.I.Crim. 41.20, because we also must follow the order of the Supreme Court. We agree that we must comply with orders of the Supreme Court. We do not agree that an order of the Supreme Court prohibited use of U.J.I.Crim. 41.20 in these two cases.

The changes in the instructions appear in N.M.S.A.1978 (1981 Supp. to Judicial Pamphlet 19). The orders of the Supreme Court have not been included in the statutes. Copies of the orders do, however, appear in the District Court file in the Norush case.

The change in U.J.I.Crim. 41.20 was a change in its use. U.J.I.Crim. 41.20 was not to be used when duress was a defense to the charge of escape from the penitentiary. The Supreme Court order effecting the change is dated April 29, 1980; the order provides that the change "shall apply to criminal cases filed in the district courts on or after July 1, 1980."

U.J.I.Crim. 41.22 was a new instruction, going to the defense of duress to the charge of escape from the penitentiary. The Supreme Court order approving the instruction is dated April 3, 1980, "to be effective July 1, 1980."

The two Supreme Court orders are internally consistent; U.J.I.Crim. 41.20 was not to be given in cases filed on or after July 1, 1980, because U.J.I.Crim. 41.22 applied.

At the time the Supreme Court orders were entered, the changes did not apply to these defendants. The changes did not apply because escape charges were pending against each defendant. A grand jury indictment, filed December 20, 1979, under No. SF 79–335 (CR), charged each defendant with escape from the penitentiary. The charge against each defendant was a pending case at the time of the Supreme Court orders entered in April, 1980. The changes effected by those orders could not have applied to these defendants. *See,* N.M. Const. art. IV, § 34, and *Marquez v. Wylie, supra.* The wording of the orders excluded any possibility that the changes were to be applied to a pending case.

The problem of the applicable duress instruction arises, not because of the Supreme Court orders, but because of procedure subsequent to the orders. The indictment was dismissed on August 29, 1980, because of irregularities in the proceedings of the grand jury that returned the indictment. The identical escape charge was again brought against each defendant by information filed October 28, 1980.

█ The information superseded and supplanted the indictment. *State ex rel. Delgado v. Stanley,* 83 N.M. 626, 495 P.2d 1073 (1972). Because the information was filed after July 1, 1980, the State asserts that the Supreme Court orders apply to the charges in the information. This application, however, was brought about by errors in charging defendants by the indictment filed in December, 1979. Thus, the State relies upon prosecutorial errors (whether by the grand jury or the prosecutor assisting the grand jury makes no difference) in attempting to prevent use of a duress defense clearly available to defendants when indicted. It may not do so. *Compare, Trimble v. State,* 75 N.M. 183, 402 P.2d 162 (1965).

This result does not involve non-compliance, by this Court, with the Supreme Court orders. Those orders, when entered, did not deprive defendants of the use of U.J.I.Crim. 41.20. The State seeks to apply those orders to these defendants on the basis that the prosecution "started over". This, however, occurred because of errors by the prosecution. The Supreme Court orders are not to be used, and were not intended to be used, to deprive defendants of a duress defense ex post facto.

Because U.J.I.Crim. 41.20 applied to each defendant and because that instruction was not given, the conviction of each defendant is reversed; each case is remanded for a new trial.

IT IS SO ORDERED.

WALTERS, C. J., and LOPEZ, J., concur.