657 P.2d 1194

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Rose TORRES, Defendant-Appellant.**

**No. 5691.**

Court of Appeals of New Mexico.

Jan. 18, 1983.

**346**

Ella J. Fenoglio, Eric Isbell-Sirotkin, Albuquerque, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals her conviction of fraud contrary to § 30–16–6, N.M.S.A.1978 (1982 Cum.Supp.). She raises two issues on appeal: 1) whether the trial court erred in giving, in addition to N.M.U.J.I. Crim. 41.-20, N.M.S.A.1978 (1982 Repl.Pamph.), on duress, an instruction which emphasized the requirement of immediacy of the threatened harm; and 2) whether the psychiatric diagnoses were newly discovered evidence such that a new trial is warranted. The first issue is dispositive and we reverse and remand for a new trial.

Defendant did not dispute that she committed the acts which would constitute the one count of fraud for which she was convicted. Her basic claim was that she was forced to do the acts by her "common law husband," Frank Tafoya. Tafoya conceives of himself as a sort of messiah, chosen to survive the nuclear holocaust which will occur by the year 2000. Through a pattern of discipline, beatings, and teachings, he subjugated defendant to his will and beliefs. She, accordingly, abided by his wishes, acquiescing to her teenage daughter's marriage to Tafoya, and committed the fraudulent acts to acquire what were variously characterized as provisions with which to survive the holocaust or material goods for the family's pleasure.

*Esquibel v. State,* 91 N.M. 498, 576 P.2d 1129 (1978), holds that in those cases where the defense of duress is applicable, it becomes a question of fact for the jury to decide. The court went on to state:

A defendant successfully raises the defense of duress when he presents evidence, as here, from which a jury could conclude that he feared immediate great bodily harm to himself or another person if he did not commit the crime charged and that a reasonable person would have acted in the same way under the circumstances. The defendant thus having established a prima facie case of duress, the burden then shifts to the State to prove beyond a reasonable doubt that the defendant did not act under such reasonable fear. N.M.U.J.I.Crim. 41.20.

In the instant case, the trial court instructed the jury in accordance with N.M.U.J.I.Crim. 41.20. The instruction stated:

Evidence has been presented that the defendant was forced to assume a false identity and obtain merchandise by fraud

under threats. If the defendant feared immediate great bodily harm to herself or another person if she did not commit the crime and if a reasonable person would have acted in the same way under the circumstances, you must find the defendant not guilty. The burden is on the State to prove beyond a reasonable doubt that the defendant did not act under such reasonable fear.

The dispute on appeal is over the propriety of the next instruction, which was tendered by the State. It states:

The force which is claimed to have compelled criminal conduct against the will of the actor must be immediate and continuous and threaten grave danger to his person or that of another during all of the time the act is being committed. It must be a force threatening great bodily harm that remains constant in controlling the will of the unwilling participant while the act is being performed and from which he cannot then withdraw in safety. Fear of future harm cannot be the basis of such a defense.

This language is taken almost directly from *State v. LeMarr,* 83 N.M. 18, 487 P.2d 1088 (1971), quoting an Ohio case. Defendant objected to the last sentence of the State's instruction, pointing out that "immediate" and "future" are confusing. The trial court gave the instruction.

The major vice of the trial court's supplementary instruction was that it was contrary to the spirit of the Criminal Uniform Jury Instructions. Its effect was to take from the jury what was properly a question of fact.

The policy of the Criminal Uniform Jury Instructions is similar to the policies stated in the civil area. *State v. Padilla,* 90 N.M. 481, 565 P.2d 352 (Ct.App.1977). One policy is that the trial court is not to comment on the evidence. *See* Chapter 40, N.M.U.J.I. Crim., N.M.S.A.1978 (1982 Repl.Pamph.). Another policy is that instructions are not to be repetitious and superfluous. Another is that negatives should not be expressed.

(E.g., Duress is immediate harm. Future harm is not duress. [Introduction to U.J.I. Civil, "A New Concept of Jury Instructions," "Dual Approach," Judicial Pamphlet 18, pp. 7–8, N.M.S.A.1978 (1980 Repl. Pamph.) ].) From this, it has followed that the trial court instructs the jury on the law in as few words as possible. Certain elements are not singled out for extensive commentary. Argument and explanation are left to counsel. *See* Introduction to U.J.I. Civil, p. 5, N.M.S.A.1978 (1982 Cum. Supp.); Commentary to N.M.U.J.I.Crim. 40.00, 40.03, 40.10, 40.14, 40.23, 40.24, 40.33, N.M.S.A.1978 (1982 Repl.Pamph.). Definitions are not to be given when a word has an ordinary meaning. The instructions were drafted using words with ordinary meanings to avoid the "over-kill" syndrome of previous practice. Commentary to N.M. U.J.I.Crim. 1.20, N.M.S.A.1978 (1982 Repl. Pamph.).

*Esquibel v. State, supra,* states that the immediacy of the compulsion is a question of fact. Under the facts of that case, a prolonged history of beatings and threats, the last of which occurred two or three days before the crime, was sufficient to create a jury question on duress. *See also State v. Norush,* 97 N.M. 660, 642 P.2d 1119 (Ct.App. 1982), where evidence permitting an "inference that ... fear ... was a continuing and constant fear which had extended for a substantial period of time" was held sufficient for the jury to determine that the fear was immediate. Although *State v. LeMarr, supra,* from which the objectionable instruction was taken, was not overruled in *Esquibel,* the circumstances of the *Esquibel* case show that *LeMarr* is not to be read literally. We say this because one ground this Court relied on in affirming *State v. Esquibel,* Ct.App. No. 3072, filed January 3, 1978, was the lack of immediacy under *LeMarr.* The Supreme Court reversed, both as to this ground and as to other grounds not pertinent here because they are unique to prison escape cases.

In instructing the jury in the *LeMarr, supra,* language, the trial court, in effect,

read *LeMarr* literally, contrary to *Esquibel, supra,* and U.J.I.Crim. 41.20. The trial court, in effect, modified 41.20. The General Use Note to N.M.U.J.I.Crim., N.M.S.A. 1978 (1982 Repl.Pamph.), states that defense instructions are not to be substantively modified or substituted. If they are altered, the reasons for the alteration must be stated in the record. There is no reason for the alteration here other than the trial court's agreement with the State's reading of the cases to the effect that questions of fact over immediacy only occur in prison escape situations. We can fathom no reason why threats need to be less immediate in prison escape cases than in other situations where duress might be a defense. Nor has the State enlightened us with any such reasoning.

The facts of this case are that defendant, using an assumed name, purchased a computer with a check drawn on an account she opened in the name of a business, which was not hers. Based on the fact that defendant was alone in the store when she made the purchase, the State's theory was that there was no duress. The defense theory was that duress was present because of the seven year history of beatings and the threat of future beatings if defendant was not successful in making this particular purchase. Relying on the disputed instruction, the State argued to the jury that the defense theory was psychological speculation which did not amount to a duress defense. It was the State's view, supported by the disputed instruction, that defendant could only have the benefit of a duress defense if Tafoya accompanied her into the store with his threats.

This view, being contrary to *Esquibel, supra,* actually took from defendant her only defense. For this reason, she was prejudiced. *See State v. Sanders,* 93 N.M. 450, 601 P.2d 83 (Ct.App.1979).

The conviction is reversed. The case is remanded for a new trial.

IT IS SO ORDERED.

WALTERS, C.J., and NEAL, J., concur.