PEOPLE v LUTHER

Docket No. 56034. Argued June 4, 1975. (Calendar No. 10).—Decided
August 20, 1975.

Herman Luther was convicted by a jury in Jackson Circuit Court,
Charles J. Falahee, J., of prison escape. The judge instructed
the jury that it is not a defense to a charge of escaping prison
that the defendant fled to avoid homosexual attacks by other
prisoners. The Court of Appeals, McGregor, P. J., and R. B.
Burns and O'Hara, JJ., reversed (Docket No. 15879). The people
appeal. *Held:*

1. The charge to the jury was reversibly erroneous.

2. The defense of duress is a question for the jury.

3. A defendant successfully raises to the defense of duress
when he presents evidence, as here, from which a jury could
conclude that: (1) the threatening conduct was sufficient to
create in the mind of a reasonable person the fear of death or
serious bodily harm; (2) the conduct in fact caused such fear of
death or serious bodily harm in the mind of the defendant; (3)
the fear or duress was operating upon the mind of the defend-
ant at the time of the alleged act; and (4) the defendant
committed the act to avoid the threatened harm.

53 Mich App 648; 219 NW2d 812 (1974) affirmed.

1. ESCAPE—DURESS—INSTRUCTIONS TO JURY—HOMOSEXUAL ATTACKS.

An instruction to the jury that it was not a defense to a charge of
escaping prison that the defendant fled to avoid homosexual
attacks by other prisoners was reversible error (MCL 750.193).

2. CRIMINAL LAW—DURESS—MENS REA.

A successful defense of duress excuses the defendant from crimi-
nal responsibility for an otherwise criminal act because the
defendant was compelled to commit the act; the compulsion or
duress overcomes the defendant's free will and his actions lack
the required *mens rea.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 18.
[2–4] 21 Am Jur 2d, Criminal Law § 100 *et seq.*

3. Criminal Law—Duress—Jury Question.

The defense of duress in a criminal case is a question for the jury.

4. Criminal Law—Duress—Evidence.

A defendant successfully raises the defense of duress in a criminal action when he presents evidence from which a jury could conclude that: (1) the threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm; (2) the conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant; (3) the fear or duress was operating upon the mind of the defendant at the time of the alleged act; and (4) the defendant committed the act to avoid the threatened harm.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Norris J. Thomas, Jr.* and *Sharon Sloan),* for defendant on appeal.

L. B. Lindemer, J. Defendant was convicted after a jury trial of prison escape. MCLA 750.193; MSA 28.390. His conviction was overturned by the Court of Appeals on the basis of an erroneous jury instruction as to his defense of duress. We agree that the charge was reversibly erroneous and affirm the Court of Appeals.

At trial defendant did not question the lawfulness of his incarceration nor did he claim that his departure was authorized by prison officials. His sole defense was that he left due to duress.

Defendant testified that he was confronted in a lavatory by six unknown assailants who made homosexual demands of him. When he refused and attempted to leave the room, he was beaten with a toilet bowl brush, had a knife waved in his face, was knocked down or fell and hit his face on a

washbasin and was literally chased off the grounds at approximately 10:30 p.m. He testified that during the flight from his assailants, he tried unsuccessfully to locate the officer on duty that night. Defendant was apprehended on I-94 within a few miles of the camp about 6:30 the next morning.

The trial court's instruction on duress read as follows:

*"Now, jurors, I instruct you that it is not a defense to escaping prison that the defendant fled to avoid homosexual attacks by other prisoners.*

"However, you may consider as a valid defense whether the defendant escaped while being under duress.

"And I instruct you in reference to duress that an act which might otherwise constitute a crime may be excused on the ground that it was done under compulsion or duress, but the compulsion must be present, imminent and impending, and of such a nature as to induce a well-founded apprehension of death, or serious bodily harm, if the act is not done. Threats of future injury will not excuse an offense.

"I instruct you, jurors, that in reference to the defense of the defendant concerning duress, the people have the burden of proof in this case to prove that the defendant did not leave Camp Waterloo under duress." (Emphasis supplied.)

Defendant argues that the emphasized portion of the jury instructions was reversibly erroneous because it precluded the jury from considering the specific duress defense that he had offered, namely duress caused by fear of forcible homosexual attack. The prosecutor contends that under *People v Noble,* 18 Mich App 300; 170 NW2d 916 (1969), the instructions were proper.

Defense counsel in *Noble* evidently claimed that the alleged homosexual attacks negated defend-

ant's specific intent to escape. His escape was also justified as caused by an irresistible impulse. The Court did not address itself to the issue of duress. It determined that the escape statute was not one of specific intent but of a general prohibition and held that the evidence of irresistible impulse was properly excluded since the defendant did not give the required four-day notice of an insanity defense. The case against Herman Luther, however, treats the fear of forcible homosexual attack in the context of duress.

The concepts of irresistible impulse and duress should not be confused, the former bespeaking a lack of conscious will to do the act complained of, and the latter acknowledging the will to do the act complained of but seeking to excuse it.

An interesting note in 45 S Cal L Rev 1062 (1972) traces the development of the defense of duress and points out that in the common law, compulsion by the threat of death was the keystone. Some states have provided a statutory treatment of the defense but in Michigan, the statutory treatment of the defense of duress is restricted to commercial law. MCLA 400.1103; MSA 19.1103.

Nevertheless, duress is a well recognized defense. *People v Repke,* 103 Mich 459; 61 NW 861 (1895), and *People v Merhige,* 212 Mich 601; 180 NW 418 (1920). A successful duress defense excuses the defendant from criminal responsibility for an otherwise criminal act because the defendant was compelled to commit the act; the compulsion or duress overcomes the defendant's free will and his actions lack the required *mens rea.* In this connection see 2 Mich Criminal Jury Instructions, 311-322 (in the final draft as presented to the Michigan Supreme Court on June 10, 1975), in which a discussion follows a suggested comprehensive instruction on duress.

The defense of duress is a question for the jury.

*People v McClintic,* 193 Mich 589; 160 NW 461 (1916). A defendant successfully raises the defense of duress when he presents evidence, as here, from which a jury could conclude:

A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;

B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;

C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

D) The defendant committed the act to avoid the threatened harm.

The prosecutor has urged us to adopt *People v Lovercamp,* 43 Cal App 3d 823, 831–832; 118 Cal Rptr 110, 115 (1974). That Court, speaking of duress as necessity, held:

"[A] limited defense of necessity is available if the following conditions exist:

"(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

"(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

"(3) There is no time or opportunity to resort to the courts;

"(4) There is no evidence of force or violence used towards prison personnel or other 'innocent' persons in the escape; and

"(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat." (Footnote omitted.)

To the extent that competent evidence may be produced as to any of these conditions, it is relevant to the claim of duress. As such, it should be submitted to the jury. For example, should defend-

ant be retried,[1] evidence on the question of whether he immediately reported once having attained a position of safety from the immediate threat would be admissible as bearing upon elements (C) and (D) of the defense.

The Court of Appeals is affirmed. Defendant's cross-appeal is moot.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with Lindemer, J.

SWAINSON, J., took no part in the decision of this case.

---

[1] The prosecutor alleges that defendant has completed his principal sentence, escape sentence and parole pursuant thereto.