PEOPLE v FRAZIER

1. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT—
   NONUTTERANCES—STATEMENTS—WITNESSES.

   Conduct which directly or indirectly restricts the exercise of the
   constitutional right to remain silent in the face of accusation
   will not be condoned; "nonutterances" are not statements and
   the fact that a witness did not make a statement may be shown
   only to contradict his assertion that he did.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT—
   MIRANDA WARNINGS—ARRESTEE'S RIGHTS.

   Silence in the wake of *Miranda* warnings may be nothing more
   than the the arrestee's exercise of those rights.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—DEFENSES TO CRIMINAL AC-
   TION—ACCUSED'S RIGHTS AND DUTIES—IMPEACHMENT FOR SI-
   LENCE.

   A defendant is not required to raise defenses upon apprehension
   or arrest; accused persons have no duty to explain defenses to
   the police, and to hold otherwise would erode the principle of
   innocence being presumed until there is a showing of guilt
   beyond a reasonable doubt, as it would require a defendant to
   immediately answer the merest of suspicions or suffer the
   penalty of impeachment for silence.

4. EVIDENCE—DURESS—THREAT OF DURESS—REPORT TO AUTHORITIES—
   DURESS AS A DEFENSE—JURY.

   A defendant's failure to present evidence of reporting a threat of
   duress to the authorities upon arrest or apprehension, where at
   trial he raises a necessity duress defense, results in less evi-
   dence going to a jury to substantiate the defense.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 351.
   81 Am Jur 2d, Witnesses §§ 37, 51, 52, 528.
[2] 29 Am Jur 2d, Evidence § 614.
[3] 81 Am Jur 2d, Witnesses §§ 523–528.
[4] 30 Am Jur 2d, Evidence § 1160.
[5] 29 Am Jur 2d, Evidence §§ 640, 644.
[6] 29 Am Jur 2d, Evidence §§ 612–614.

5. Criminal Law—Evidence—Constitutional Law—Right to Re-
   main Silent—Weight Afforded by Jury.

   The danger of introducing evidence that a defendant remained
   silent at the time of arrest or apprehension is that a jury is
   likely to assign much more weight to the defendant's previous
   silence than is warranted.

6. Constitutional Law—Evidence—Cross-Examination—Prosecu-
   tors—Criminal Law—Right to Remain Silent—Harmless
   Error.

   Allowing a prosecutor to cross-examine a defendant as to whether
   the defendant told the police at the time of his arrest that he
   was under duress would be a denial of a defendant's right to
   remain silent at the time of arrest or apprehension and results
   in constitutional error which is not harmless beyond a reasona-
   ble doubt.

Appeal from Calhoun, Creighton R. Coleman, J.
Submitted June 15, 1977, at Lansing. (Docket No.
27853.) Decided October 24, 1977.

Curtis Frazier was convicted of armed robbery.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Roger Caswell,* Pros-
ecuting Attorney, and *Allen Garbrecht,* Assistant
Prosecuting Attorney, for the people.

*Daniel J. Wright,* Assistant State Appellate De-
fender, for defendant.

Before: D. E. Holbrook, Jr., P. J., and Allen
and D. R. Freeman,* JJ.

D. R. Freeman, J. Appellant Frazier was con-
victed of armed robbery, MCLA 750.529; MSA
28.797, by a Calhoun County jury. At his trial, the
defendant admitted taking the victim's automo-
bile. However, he raised a necessity duress defense

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claiming he took the vehicle, in escape, as he feared for his life and was pursued by an armed assailant.

Upon cross-examination the prosecution inquired if, at the time of arrest, the defendant had told the police about being under duress. The trial court allowed the question, believing it was proper under *People v Luther,* 394 Mich 619, 623–624; 232 NW2d 184, 187 (1975), a case enumerating those indicia which render a duress defense successful and which declares any immediate report upon apprehension by a prison escapee as relevant to a defense of necessity duress. Defendant Frazier was silent about any duress at the time of his arrest, and the prosecution attempted to impeach his credibility by alluding to this fact upon cross-examination.

In *Doyle v Ohio,* 426 US 610, 616, 617; 96 S Ct 2240, 2244; 49 L Ed 2d 91, 102 (1976), the defendant raised an alibi defense. The Supreme Court held that the prosecution's attempt to impeach the credibility of a defendant who took the stand by pointing out he had not spoken about any alibi when arrested was violative of the defendant's Fifth and Fourteenth Amendments' self-incrimination and due process protections.

Michigan adopted a similar rule several years earlier in *People v Bobo,* 390 Mich 355, 359; 212 NW2d 190, 192 (1973), a case wherein the defendant alleged that prior to arrest he saw two potential suspects run past him, although he did not mention this at the time of his arrest. The prosecution attempted to impeach the defendant asserting his prior silence was materially inconsistent with his present defense; the Michigan Supreme Court refuted this:

"We will not condone conduct which directly or indi-

rectly restricts the exercise of the constitutional right to remain silent in the face of accusation. 'Nonutterances' are not statements. The fact that a witness did not make a statement may be shown only to contradict his assertion that he did."

The *Bobo* rule has been applied under similar facts where an alibi defense was involved. *People v Norris,* 74 Mich App 361, 364–365; 253 NW2d 767, 768 (1977).

Along with *Bobo's* holding that "nonutterances are not statements", there seems to be at least two additional reasons for holding such a means of impeachment unconstitutional. First, as the Supreme Court said in *Doyle,* 426 US at 617; 96 S Ct at 2244; 49 L Ed 2d at 97 (1976):

"Silence in the wake of these *(Miranda)* warnings may be nothing more than the arrestee's exercise of these *Miranda*[1] rights. Thus, every post-arrest silence is *insolubly ambiguous* because of what the State is required to advise the person arrested." (Emphasis supplied.)

Secondly, were we to hold otherwise, it would be incumbent upon a defendant to raise defenses upon apprehension or arrest. Accused persons have no duty to explain to the police defenses; to hold otherwise would erode the principle of innocence being presumed until a showing of guilt beyond a reasonable doubt as it would require a defendant to immediately answer the merest of suspicions or suffer the penalty of impeachment for silence. See *People v Bobo,* 390 Mich 355, 358, fn 4; 212 NW2d 190, 192, fn 4 (1973).

It is the contention of the prosecutor that the

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

*Doyle* and *Bobo* decisions should not be extended to a necessity duress defense under the facts here because *People v Luther, supra,* renders relevant, to that defense, evidence of immediately reporting to the proper authorities the threat in question. If the defendant has failed to present evidence of prompt reporting to support the defense, it is not for the prosecution to fill in the breach by making reference to or inquiring about the defendant's exercise of his constitutional right to remain silent at the time of arrest. For, if a defendant fails to present evidence of a reporting of the threat to authorities, then, simply less evidence will go to the jury to substantiate the defense.

Given that "the danger is that the jury is likely to assign much more weight to the defendant's previous silence than is warranted", *United States v Hale,* 442 US 171, 180; 95 S Ct 2133, 2138; 45 L Ed 2d 99, 197 (1975), and given the evidence in this case, we cannot say the constitutional error is harmless beyond a reasonable doubt as required by *Chapman v California,* 386 US 18, 24; 87 S Ct 824, 826; 17 L Ed 2d 705, 710 (1967), *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974).

We agree with appellant Curtis Frazier that he has been denied his right to remain silent under the Michigan and Federal constitutions. Accordingly, we reverse and remand for a new trial.