196 N.J. Super. 138 (1984)
481 A.2d 838
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALEXANDER STEWART, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 17, 1984.
Decided September 25, 1984.
*139 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Joseph H. Rodriguez, Public Defender, attorney for appellant (William Welaj, designated attorney, on the brief).
Philip S. Carchman, Mercer County Prosecutor, attorney for respondent (William J. Flanagan, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
A Mercer County grand jury on May 13, 1980 returned a one-count indictment against defendant charging him with escape in that without lawful authority he removed himself from official detention at the Trenton Psychiatric Hospital on January *140 23, 1980. See N.J.S.A. 2C:29-5(a). Defendant had been confined at that institution as a result of other offenses. When the indictment was handed down defendant was still a fugitive but he was subsequently arrested in Arizona and returned to New Jersey. He pleaded not guilty to the indictment and a jury trial ensued.
At the outset of the trial, before a jury was empaneled, defendant made known to the court that he intended to raise the defenses of necessity or duress. See N.J.S.A. 2C:3-2(a); N.J.S.A. 2C:2-9(a). His factual contentions underlying these defenses were that he was justified in escaping because during his confinement his life had been threatened by other inmates and guards and he was subjected to unreasonable conditions. The State asserted that the defenses were insufficient as a matter of law because defendant, even if justified in fleeing, had an obligation immediately to surrender to "proper authorities" when he had reached safety. The State requested a pretrial hearing on the issues as it resisted their presentation to the jury. The trial judge denied the motion for the hearing and pretrial ruling. Instead the judge determined that when the defenses were offered he would excuse the jury and take evidence on the point to ascertain whether defendant had presented facts sufficient to raise them. Inasmuch as the defenses remained in the case, the judge permitted defendant to mention them in his opening. The State sought leave to appeal from the order but we denied its application.
After the State opened to the jury defendant, though represented by an attorney, with permission of the trial court, personally opened. In his opening defendant asserted he was not guilty of the offense but had lawfully escaped to save his life and to avoid the chaos of the conditions of confinement.
Subsequently the State presented its evidence. It showed that defendant on January 23, 1980 while in custody was taken to the Mercer County Court House to plead to an indictment. Following the court appearance he fled and eluded his guards. *141 While out of custody he frequently telephoned employees of the New Jersey prison system and told them of the good time he was having with women, drugs and partying. He claimed to be living from the earnings of prostitutes. In addition to calling the officials, defendant sent them postcards claiming he was in Mexico. He also indicated he was going to Tokyo. In his conversations and correspondence defendant did not attempt to arrange a surrender. Indeed he said he would never be captured. Eventually defendant was arrested in Arizona on July 18, 1980. At that time police officers were looking for him for reasons apparently unrelated to his New Jersey escape. After a search involving the use of helicopters defendant, who was armed with a pistol, was apprehended.
Not surprisingly, there was no real question concerning the accuracy of the State's proofs. Indeed during the State's case defendant stipulated he was lawfully in custody when he escaped, was absent from custody and was arrested in Arizona.
After the State rested defendant stated he wanted to testify. Consequently the trial judge in accordance with his pretrial ruling heard defendant's testimony regarding his defenses outside of the presence of the jury. Defendant described the conditions of his confinement. Further he detailed his activities after his escape. He said he went to Baltimore and then Washington, D.C. At the Lincoln Memorial while defendant was drunk he told a police officer who came along he was a fugitive running away. The officer regarded him as a drunk and told defendant to get out of the area. Defendant said he attempted while still in Washington to get another local officer to arrange for his surrender to the FBI but the officer declined as no federal matter was involved. Defendant said that after he left Washington he went to Atlanta, New Orleans, Augusta, Georgia, Houston, El Paso, Dallas and various cities in the southwest and on the west coast. He also went to Mexico, returned to the United States and eventually was arrested in Phoenix.
*142 On April 28, 1982 following the presentation of this evidence, the trial judge ruled that defendant could present his defense that he escaped because of duress. The State immediately sought leave to appeal from that order. On April 29, 1982 a three-judge panel of this court summarily reversed. R. 2:11-2. We entered an order precluding defendant from raising the defense that the circumstances he described constituted a defense to the indictment.
An oral opinion was given by a judge for the panel and was transcribed by a court reporter. The opinion indicated this court accepted defendant's testimony and gave it complete credence. Nevertheless as a matter of law defendant had not presented facts sufficient to establish a defense. His only attempts to surrender came in the two incidents involving local officers in Washington, D.C. He did not contact the Mercer County Prosecutor, Attorney General of New Jersey, any other New Jersey authority or the Federal Bureau of Investigation to turn himself in. Thus defendant did not come forward with evidence sufficient to prove duress or necessity to escape. See United States v. Bailey, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).
After the reversal the trial continued. Defendant's attorney told the trial judge the matter would not be further appealed. Defendant then attempted to plead guilty but no such plea was in fact entered as the plea was to be conditional on defendant's right to appeal from the duress ruling and the State would not so consent. R. 3:9-3(f). Defendant then rested without calling any witnesses or testifying himself. His defense was limited to documentary evidence. Defendant personally summed up. He admitted the escape but said he ran away for a reason. He informed the jury he could not explain the reason but that because of it he was not guilty. The jury found defendant guilty.
Following the verdict the State filed a motion seeking imposition of an extended term. Defendant moved for a new trial. *143 Defendant's motion was denied and the State's was granted. Defendant was sentenced to a term of six years to be served consecutively to any term he was then serving. He was then serving a 21 to 29-year term in New Jersey. He also will eventually have to serve a consecutive 35-year term in Arizona for offenses committed there.
Defendant appeals raising the following contentions:
(1) The defendant was entitled to present to the jury the defense of necessity and the Appellate Division's ruling reversing the trial court and prohibiting the defense constituted reversible error.
A. Factual introduction.
B. The various legal approaches to duress/necessity as a defense to escape from penal incarceration.
C. Necessity is a viable defense in New Jersey and should be recognized as such to the offense of escape; the traditional view toward necessity as reflected by the Luther[1] decision should be adopted as the appropriate standard in this State.
D. The Appellate Division erred in reversing the trial court's ruling, thereby prohibiting to the defendant his right to present the defense of necessity for jury consideration.
E. Assuming arguendo, that the Appellate Division properly reversed the trial court's ruling, and that the defendant was not entitled to a charge on the defense of necessity, the defendant was nevertheless entitled to a mistrial.
(2) The trial court erred in permitting the introduction of highly prejudicial other crime evidence against the defendant.
(3) The sentence imposed was manifestly excessive.
We do not reach defendant's contention that he was entitled to present his defenses to justify the escape. It is perfectly plain that on the prior appeal we disposed of this contention. On the earlier appeal we granted leave to appeal and thus reached the merits of the controversy. No review of our decision was then sought in the Supreme Court. Accordingly our earlier decision is the law of the case and is binding on this court on this appeal. See State v. Smith, 43 N.J. 67, 74 (1964), cert. den. 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965); U.S. Pipe, etc. United Steelworkers of America, 37 N.J. 343, 352 (1962); State v. Tomaras, 184 N.J. Super. 551, 553 *144 (App.Div. 1982); State v. Cusick, 116 N.J. Super. 482, 485 (App. Div. 1971).
We recognize, of course, that our prior decision was rendered summarily. But we do not conceive that this procedure, though unquestionably differing from that ordinarily followed on appeals, should require or permit a deviation from the usual application of the law of the case. When we grant leave to appeal and decide a matter summarily we have determined that the record presented and the time for decision available are adequate for disposition of the appeal. If we believed either inadequate we would not decide the case summarily. Rather we would deny leave to appeal or would not summarily decide the case. Our point is that once we grant leave to appeal and decide a case the decision reached is a determination on the merits. Consequently a disposition on the merits when leave to appeal is granted should not be regarded by counsel or the parties as tentative and subject to more leisurely review at a later date.
Defendant urges that he should have been granted a mistrial after our prior decision. He points out that his strategy was based on his belief that his necessity and duress defenses would be submitted to the jury. Thus on opening he admitted the escape. During trial he made stipulations concerning his custody, escape and apprehension. Defendant contends our prior ruling destroyed his case and, in view of his own conduct at trial, doomed him.
We see no merit to defendant's contentions concerning a mistrial. The trial court had discretion in considering whether to grant a mistrial. State v. DiRienzo, 53 N.J. 360, 383 (1969). Here the judge prior to the trial had made known to defendant that during the trial he would decide whether defendant could raise the defense. Thus defendant in pressing the issue on opening must have recognized his peril. In any event the facts in this case are not in any dispute. There is no question but that defendant was in custody, escaped and was recaptured. *145 We cannot conceive of what trial strategy he could have followed that would have permitted him to negate these circumstances. We note that in his brief he suggests none. Further defendant's stipulations only stated obvious, easily demonstrable facts.
We have carefully reviewed defendant's remaining contentions regarding the introduction of other crime evidence and the length of the sentence. We find them clearly without merit. R. 2:11-3(e)(2). With respect to the sentence we point out that an extended sentence for a third-degree offense is between five and ten years. Here the court imposed a six-year sentence consecutive to other sentences being served. We see no error. State v. Roth, 95 N.J. 334 (1984); N.J.S.A. 2C:43-7(a)(4).
Affirmed.
NOTES
[1] People v. Luther, 394 Mich. 619, 232 N.W.2d 184 (Sup.Ct. 1975).