**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1035-19T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES MCDOWELL, a/k/a
SISA BOTO and SISA BUTU,

     Defendant-Appellant.

_____

Argued December 15, 2020 – Decided  January 15, 2021

Before Judges Fisher, Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 10-12-2261.

Alan L. Zegas argued the cause for appellant (Law Offices of Alan L. Zegas, attorneys; Alan L. Zegas, on the briefs).

Edward F. Ray, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Sisa Butu, formerly known as James McDowell, appeals from an order denying his petition for post-conviction relief (PCR).[1] He contends that his prior appellate counsel, who represented him on his direct appeal, was ineffective in not raising an argument that he was denied his constitutional right to counsel of his choice at trial. We disagree and affirm.

I.

The evidence at defendant's trial established that in September 2010, after having lunch together, defendant and his former girlfriend went to his home. When the former girlfriend tried to leave, defendant would not let her go and threatened her with a gun. He then repeatedly raped and sexually assaulted her for several hours. Eventually, the former girlfriend escaped and, following a standoff with the police, defendant was arrested.

A jury convicted defendant of seven crimes and a disorderly persons offense related to the sexual assaults. Specifically, defendant was convicted of: first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3) and (4); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); two counts of

---

[1] In the record, Butu is sometimes spelled Boto, but we use Butu because that is the spelling used by his current counsel.

A-1035-19T2

second-degree attempted sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(c)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree terroristic threats, N.J.S.A. 2C:12-3(a); and disorderly persons false imprisonment, N.J.S.A. 2C:13-3, as a lesser included offense of kidnapping.

Defendant appealed his convictions and sentence. On direct appeal, he raised two arguments: (1) the trial judge's refusal to ask open-ended questions during jury selection constituted reversible error; and (2) the consecutive sentences were improper. Finding no reversible errors, we affirmed his convictions and sentences for the crimes. State v. McDowell, No. A-3848-14T1 (App. Div. Jan. 27, 2017). We remanded for resentencing on the false imprisonment conviction. Our Supreme Court denied defendant's petition for certification. State v. McDowell, 230 N.J. 529 (2017).

Thereafter, defendant filed a petition for PCR. On his petition, defendant was represented by new counsel who argued that defendant's appellate counsel on his direct appeal had been ineffective in failing to raise three arguments: (1) the denial of his right to counsel of his choice at trial; (2) the denial of his pretrial motion to suppress the seizure of the gun; and (3) the introduction of hearsay evidence at trial.

The PCR court heard oral argument but did not grant an evidentiary hearing. On October 1, 2019, the PCR court issued a written opinion and order denying defendant's petition.

On this appeal, defendant raises only one argument: he contends that his prior appellate counsel was ineffective in failing to raise the denial of his right to choose trial counsel. To place that issue in context, we briefly summarize the relevant procedural history.

In December 2010 defendant was indicted for the crimes related to the sexual assaults. He was initially represented by Nancy Lucianna, an attorney he had hired.

In February 2013, after Lucianna had represented defendant for several years, she moved to be relieved as defendant's counsel. Lucianna certified that there had been "a complete breakdown of the attorney-client relationship" that made "it impossible for" her to represent defendant. The trial court heard oral argument on that motion and during that argument the court had a brief off-the-record sidebar discussion with Lucianna. In February 2013, the trial court entered an order relieving Lucianna as counsel and granting defendant time to retain new counsel.

4

Defendant then hired Adolph J. Galluccio to represent him. In February 2014, the trial court scheduled June 23, 2014, as the "firm" trial date.

Sometime in early 2014, the relationship between defendant and Galluccio broke down. Accordingly, defendant contacted Thomas Ashley, Esq. and asked him to represent him. In March 2014, Ashley moved to substitute in as new trial counsel for defendant. In support of that motion, Ashley certified that defendant had informed him that he and Galluccio "had irreconcilable conflicts[.]" Ashley, however, was not available to try the matter on the scheduled June 23, 2014 trial date because he had other professional commitments. Consequently, Ashley requested the trial court to adjourn the trial date until September 22, 2014, or later.

The trial court initially denied that motion without oral argument. Following a request for reconsideration, the trial court heard oral argument on April 11, 2014. At that argument, Ashley and Galluccio urged the trial court to grant the extension so that Ashley could represent defendant at trial. The State did not object to that application.[2]

---

[2] During the April 11, 2014 oral argument, the judge stated that she had previously offered to do a bench trial and both the prosecutor and Galluccio had agreed that a bench trial "would be the best thing in this particular case." Defendant suggests that because this discussion occurred when he was not

After hearing arguments, the trial court denied the motion. Among other things, the court noted that the case was then in its fourth year, the court had previously adjourned the trial for a year so that Galluccio could come up to speed, and the court had previously set a firm trial date for June 23, 2014. The trial court then stated that defendant could either proceed to trial with Galluccio or hire another lawyer who was available to try the case in June 2014.

Defendant, represented by Ashley, moved for leave to appeal the denial of his request to have Ashley substitute in as counsel. On April 30, 2014, a two-judge panel of this court granted leave to appeal and summarily affirmed the trial court's order denying defendant's request to adjourn the trial and have Ashley substituted in as new trial counsel. Reviewing the procedural history, the panel found that defendant had been given a fair opportunity to select counsel of his choice and had not been deprived of his constitutional right to select counsel because the lawyer he wanted to hire was not available for the firmly established trial date. State v. McDowell, No. AM-0451-13 (App. Div. May 1, 2014).

---

present, it was an impermissible ex parte communication. The record does not establish that contention, nor do we see any relevance of that contention to this appeal.

A-1035-19T2

Following that decision, Ashley advised defendant that he had two options: (1) seek further review on leave to appeal to the Supreme Court; or (2) hire another attorney who would be available for the trial in June 2014. Ashley recommended that defendant proceed with the second option. Defendant followed Ashley's recommendation and retained Michael Robbins, Esq. Robbins then represented defendant at trial, which commenced on June 25, 2014.

II.

As already noted, on this appeal defendant raises one argument, which he articulates as follows:

> DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO RAISE ON APPEAL THE ISSUE OF DENIAL OF DEFENDANT'S RIGHT TO COUNSEL OF CHOICE.

We review this issue de novo because there was no PCR evidentiary hearing. State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). As a reviewing court, we "can conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . [because] [a]ssessing [ineffective assistance of counsel] claims involves matters of fact, but the ultimate determination is one of law[.]" State v. Harris, 181 N.J. 391, 419 (2004).

7

To establish a claim of ineffective assistance of counsel, defendant must satisfy a two-part test:  (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).  "The Strickland/Fritz test governs claims that appellate counsel rendered ineffective assistance."  Harris, 181 N.J. at 518.

A defendant claiming incompetent representation must demonstrate that "counsel's representation fell below an objective standard of reasonableness[,]" as measured by prevailing professional norms, considering all the surrounding circumstances.  Strickland, 466 U.S. at 688.  Moreover, there is a strong presumption that an attorney's conduct falls within the range of reasonable professional assistance.  State v. Allegro, 193 N.J. 352, 366 (2008). Accordingly, defendant must overcome that presumption and demonstrate that counsel's strategy was not reasonable.  Strickland, 466 U.S. at 690.

On direct appeal, defendant could not have asked this court to review the choice-of-counsel issue because we had already rejected that contention.  In 2014, we granted leave to appeal, reviewed the merits, and summarily affirmed

the denial of Ashley's motion to substitute in as counsel for defendant. Defendant did not seek further review of that decision by the Supreme Court. See R. 2:2-5 (requiring a motion for leave to seek review by the Supreme Court). Accordingly, our earlier decision was the law of the case and binding on this court on direct appeal. See State v. Myers, 239 N.J. Super. 158, 164 (App. Div. 1990); State v. Stewart, 196 N.J. Super. 138, 143 (App. Div. 1984); see also Lombardi v. Masso, 207 N.J. 517, 539 (2011) (explaining the parameters of the law of the case doctrine).

Defendant argues that the law of the case doctrine is discretionary, and therefore his prior counsel should have raised the choice-of-counsel argument on direct appeal and argued that this court was not bound by the May 2014 ruling. Defendant also argues that prior counsel should have preserved the issue for appeal to the Supreme Court. We reject these contentions.

While the law of the case doctrine is a discretionary rule, that discretion is limited. Lombardi, 207 N.J. at 538-39; State v. Reldan, 100 N.J. 187, 205-07 (1985). The doctrine is based on the policy that once an issue has been litigated and decided, re-litigation should be avoided "in the absence of some new or overriding circumstance." Reldan, 100 N.J. at 204 (quoting State v. Hoffler, 389 A.2d 1257, 1262 (Conn. 1978)). Overriding circumstances include new

material evidence, new controlling authority, or a compelling showing that the prior decision was clearly erroneous.  L.T. v. F.M., 438 N.J. Super. 76, 88 (App. Div. 2014); see also Sisler v. Gannett Co., 222 N.J. Super. 153, 160 (App. Div. 1987) (explaining that when the law of the case doctrine "is applied to a prior appellate decision in the same case, the doctrine is more stringent.").

Defendant has not contended that there was any new evidence, new controlling authority, or some other overriding circumstance.  Instead, defendant seeks to argue that the 2014 affirmance was erroneous.  Significantly, he has made no showing that the prior ruling was clearly erroneous.  See State v. Kates, 216 N.J. 393, 396 (2014) (citations omitted) (explaining that "a defendant's right to counsel of choice 'is not absolute'" and that the right can be balanced against other considerations, including the demands of the trial court's calendar).

The trial judge carefully considered defendant's request to retain his third counsel of choice.  The judge noted that the case was in its fourth year, the court had previously granted defendant's first counsel's request to be relieved, the court had delayed an earlier trial date to allow defendant's second counsel to get up to speed, and the court had previously established a firm new trial date but Ashley was not available on that date.  Those considerations were all legitimate and were not arbitrary.  Consequently, on appellate review, two of our

colleagues concluded that the trial court had not erred. That prior ruling is not clearly erroneous and was binding on this court both on direct appeal and on this appeal. See Myers, 239 N.J. Super. at 164; Stewart, 196 N.J. Super. at 143.

Moreover, because our precedent is clear that we normally do not allow reconsideration of an issue that has been decided on an interlocutory appeal, defendant's prior appellate counsel did not fall below an objectively reasonable standard in deciding not to tilt against that windmill on direct appeal. See Strickland, 466 U.S. at 688 (counsel's representation must fall below "an objective standard of reasonableness").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1035-19T2