*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANDREW SCOTT SLUITER,

      Defendant-Appellant.

UNPUBLISHED
July 25, 2024

No. 366715
Wexford Circuit Court
LC No. 2023-013510-FH

Before: MARKEY, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of third-degree fleeing and eluding, MCL 257.602a(3), and reckless driving, MCL 257.626. Defendant was sentenced as third-offense habitual offender, MCL 769.11, to concurrent sentences of 30 to 120 months' imprisonment for fleeing and eluding, and 93 days' in jail for reckless driving. For the reasons set forth in this opinion, we affirm the convictions and sentences of defendant.

## I. BACKGROUND

This matter began when defendant evaded a Michigan State Police traffic stop while officers were trying to execute an arrest warrant for an unrelated matter. Undercover officers were monitoring the defendant's residence while waiting for the arrest warrant to be authorized. Officers observed defendant leaving his residence, getting into his car, and driving away. They followed him and, after confirming that his arrest warrant was authorized, Michigan State Police Trooper Adam Whited, driving a marked police vehicle, turned on his overhead lights and pulled the defendant over. Initially, defendant complied, but as Trooper Whited attempted to exit his vehicle, defendant sped away, leading to a high-speed chase. At one point, the defendant crashed into Trooper Whited's patrol vehicle and refused to pull over, even after being urged to do so by 911 dispatchers and several failed precision immobilization technique (PIT) maneuvers. The chase ended in the woods near a seasonal road when the defendant was apprehended by Trooper Whited's police dog. Defendant requested the trial court to instruct the jury regarding the duress defense, M Crim JI 7.6, but the court declined because defendant failed to provide evidence of the

-1-

elements of duress. The jury convicted defendant of third-degree fleeing and eluding, and reckless driving. Defendant was sentenced as stated above, and this appeal followed.

## II. JURY INSTRUCTIONS

On appeal, defendant argues that the trial court abused its discretion when it held he was precluded from raising the defense of duress, thereby violating his due process right.

### A. STANDARD OF REVIEW

This Court reviews claims of instructional error de novo. *People v Montague*, 338 Mich App 29, 37; 979 NW2d 406 (2021). However, this Court "reviews the trial court's determination whether a jury instruction is applicable to the facts of the case for an abuse of discretion." *Id.* (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *Id.* (quotation marks and citation omitted).

### B. ANALYSIS

Defendant has a constitutional right to present a defense. See US Const, Ams V and XIV; Const 1963, art 1 §§ 17 and 20; *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). "There is no doubt that based on the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's Compulsory Process or Confrontation Clauses, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012) (quotation marks and citation omitted); see also *Crane v Kentucky*, 476 US 683, 690; 106 S Ct 2142; 90 L Ed 2d 636 (1986). Despite this right, "[t]he accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984) (quotation marks and citations omitted). "Accordingly, the right to present a defense extends only to relevant and admissible evidence." *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016) (quotation marks and citation omitted).

Duress is recognized as an affirmative defense in Michigan, which can excuse a defendant from criminal responsibility if they were compelled to commit an otherwise criminal act under the threat of death or serious bodily harm. *People v Dupree*, 284 Mich App 89; 771 NW2d 470 (2009). An affirmative defense is not a defense that is directed at an element of the crime; rather it is one " 'that admits the doing of the act charged, but seeks to justify, excuse, or mitigate it....' " *People v Lemons*, 454 Mich 234, 246 n 15; 562 NW2d 447 (1997). (cleaned up).

The defense of duress involves a situation in which the defendant acted under threat of death or serious bodily harm. See *People v Luther*, 394 Mich 619, 622; 232 NW2d 184 (1975). (noting that the defendant allegedly escaped from prison out of fear of homosexual rape). In such cases, the defense "excuses the defendant from criminal responsibility for an otherwise criminal act because the defendant was compelled to commit the act...." *Id.* It is sometimes characterized as a choice of evils and is applicable to situations in which it is preferable, as a matter of social policy, to permit a person to commit a crime in order to avoid a greater harm. *Lemons*, 454 Mich at 246; *People v Gafken*, 510 Mich 503, 511; 990 NW2d 826 (2022). To establish duress, the defendant must offer evidence from which a jury could conclude the following:

A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;
B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;
C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and
D) The defendant committed the act to avoid the threatened harm. See, *Luther*, 394 Mich at 623.

Additionally, the threatening conduct must be present, imminent, and impending, and the threat must have arisen without the defendant's negligence or fault. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

Our Supreme Court has emphasized that if "a defendant raises a defense but fails to present evidence from which a reasonable jury could conclude that the elements of the defense have been met, then the defendant is not entitled to the defense instruction, and the jury is precluded from considering the defense." *People v Kolanek*, 491 Mich 382, 411; 817 NW2d 528 (2012).

Here, defendant was lawfully stopped by Whited, who was in a marked police vehicle with activated overhead lights. Defendant initially acknowledged the legitimacy of the traffic stop by pulling over. But before Whited could exit his vehicle, defendant accelerated away from the stop. Whited did not gesture in a threatening manner or withdraw his weapon. There is no evidence from the record that any officer or 911 dispatcher involved in this incident displayed threatening behavior.

In support of his argument, defendant refers to *Gafken*, 510 Mich at 515-516, to analogize his situation to a defendant charged with second-degree murder having the right to raise the defense of duress. The facts, however, are distinguishable. In *Gafken*, the defendant fled from the police, ran a red light, and collided with other vehicles killing one person. *Id*. at 509. She was charged with second-degree murder. *Id*. Before trial, defendant moved to allow testimony she intended to pull over when the police officer activated his overhead lights but did not because someone sitting behind her in the vehicle "thrust a gun into her ribs and threatened to kill her if she stopped the car." *Id*.

According to the relevant jury instruction, M Crim JI 7.6, the defense of duress should only be used when there is some evidence of the essential elements of duress. Additionally, as far back as *People v Merhige*, 212 Mich 601, 610-611; 180 NW 418 (1920), our Supreme Court acknowledged that the threatening conduct or act of compulsion must be "present, imminent, and impending[, that] [a] threat of future injury is not enough," and that the threat "must have arisen without the negligence or fault of the person who insists upon it as a defense." In contrast, in this situation, the record does not show any imminent or threatening conduct that would allow a reasonable person to fear death or bodily injury. Defendant's claims that the police were harassing him were not supported by evidence. Video evidence clearly reveals that Officer Whited simply turned on his overhead lights and pulled the defendant over to the side of the road. Defendant then fled from police at high rates of speed, crossing over a highway onto oncoming traffic and eventually ending up on a seasonal road. Based on this evidence, the trial court properly concluded defendant failed to present any evidence from which a reasonable jury could conclude the elements of duress were met. *Id*.; *Kolanek*, 491 Mich at 41; *Chapo*, 283 Mich at 371.

## II. JUDICIAL BIAS

In his Standard 4 brief,[1] defendant argues that a myriad of reasons precluded the trial judge from being impartial. First, defendant argues, the trial judge prosecuted defendant in an unrelated matter when the trial judge was a prosecutor. Second, defendant asserts that the trial judge and his staff are complainants against defendant in a case involving a false police report. The trial judge made a statement to the police in which he expressed concern for the safety of his staff because of defendant's conduct. According to defendant because of these and many other reasons, this Court should vacate defendant's convictions and sentences and remand to the trial court for a new trial with a different judge presiding.

### A. STANDARD

"The question whether judicial misconduct denied defendant a fair trial is a question of constitutional law that this Court reviews de novo." *People v Stevens*, 498 Mich 162, 168; 869 NW2d 233 (2015). To preserve a claim of judicial bias, a party must raise the claim before the trial court. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). Defendant raised judicial misconduct at sentencing, but claimed it occurred during his trial, not at sentencing, resulting in his claim being unpreserved. Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

### B. ANALYSIS

The Fourteenth Amendment to the United States Constitution prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law [.]" US Const, Am XIV; see also Const 1963, art 1 § 17. A person is entitled to due process of law before being deprived of their liberty. This right guarantees "a defendant in a criminal trial has a right to a neutral and detached judge . . . ." *People v McDonald*, 303 Mich App 424, 437; 844 NW2d 168 (2013). In other words, "[d]ue process requires that an unbiased and impartial decision-maker hear and decide a case." *People v Loew*, 340 Mich App 100, 110-111; 985 NW2d 255 (2022) (quotation marks and citation omitted). "The right to an impartial judge is so fundamental that without [this] basic protection[ ], a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." *Stevens*, 498 Mich at 179 (quotation marks and citation omitted; alterations in original).

---

[1] Under Administrative Order No. 2004-6, a "Standard 4 brief" refers to a pro se brief filed to raise additional claims on appeal against the advice of counsel. *People v Jarrell*, 344 Mich App 464, 487 n 10; 1 NW3d 359 (2022).

"A defendant claiming judicial bias must overcome a heavy presumption of judicial impartiality." *Jackson*, 292 Mich App at 598 (quotation marks and citation omitted). "A trial judge's conduct deprives a party of a fair trial if a trial judge's conduct pierces the veil of judicial impartiality." *Stevens*, 498 Mich at 170. This Court applies the following analysis in determining whether a trial judge's conduct deprived the defendant of a fair trial:

> Michigan case law provides that a trial judge has wide discretion and power in matters of trial conduct. This power, however, is not unlimited. If the trial court's conduct pierces the veil of judicial impartiality, a defendant's conviction must be reversed. The appropriate test to determine whether the trial court's comments or conduct pierced the veil of judicial impartiality is whether the trial court's conduct or comments were of such a nature as to unduly influence the jury and thereby deprive the appellant of his right to a fair and impartial trial. [*Jackson*, 292 Mich App at 598 (quotation marks and citation omitted).]

MCR 2.003(C)(1) requires disqualification of a judge if there is actual bias or when there are reasonable and objective perceptions of what appears to be judicial impropriety. The court rule states, in relevant part:

> (1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:
>
> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party . . . , or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. [MCR 2.003(C)(1); see also *People v Aceval*, 486 Mich 887, 888-889; 781 NW2d 779 (2010).]

"The test for determining whether there is an appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." *Id*. at 889.

Defendant first argues the trial judge lacked impartiality because he prosecuted defendant in an unrelated matter. The record reveals that the trial judge recalled prosecuting defendant's prior matter, but agreed with defense counsel on the need to correct the assessment of points for prior record variable (PRV) 5. The trial judge stated:

> I remember the trial. I was the Prosecutor. I'm going to have to look that up. My recollection is—I wish I could remember every case I tried but I don't. I would like to see that. I remember those charges and I remember the factual allegations. My gut is that you're correct. My instinct is that I think he was just—he was just convicted of domestic violence second [degree], which was a misdemeanor.

This resulted in reducing PRV 5 to three prior misdemeanors. The trial judge admitted to remembering facts from the prior case, but his recollection only benefited defendant because it reduced the number of prior misdemeanors considered. Defendant fails to demonstrate to

-5-

reasonable minds the trial judge's ability "to carry out judicial responsibilities with integrity, impartiality and competence is impaired." *Aceval*, 486 Mich at 889.

Next, defendant argues the trial judge lacked impartiality because he and his staff are complainants against him in an unrelated police report. The police report stated the trial judge expressed concerns regarding defendant's statements, which included threats to "use force, shooting up the court, and having another 'Ruby Ridge' incident." This Court has held:

> [A] showing of actual bias is not necessary when the judge (1) has a pecuniary interest in the outcome of the case, (2) has been the target of personal abuse or criticism, (3) is enmeshed in other matters involving the petitioner, or (4) might have prejudged the case because of prior participation as an accuser, investigator, fact-finder or initial decision maker. [*People v Wade*, 283 Mich App 462, 470; 771 NW2d 447 (2009).]

While the trial judge's stated concerns could be construed as the judge being enmeshed in other matters involving defendant, a "trial judge is presumed to be impartial, and the party asserting partiality has the heavy burden of overcoming that presumption." *Id*. Defendant failed to overcome the presumption of impartiality. The record simply does not provide evidence the trial judge's prior interactions with defendant impacted his ability to be impartial. In terms of the terrorism complaint, the trial judge emphasized:

> I am in the Complaint because somebody in my—underneath my authority had received some—had come to me and asked me how to handle it, and I said "Well, the only thing you can do is report it to law enforcement." And then once they did that I had nothing else to do with it.

Filing a police complaint after defendant threatened to shoot up the courthouse does not "create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired." *Aceval*, 486 Mich at 889. As a result, defendant fails to overcome his heavy burden of demonstrating the trial judge's partiality on this ground.

Next, defendant argues the trial judge lacked impartiality because he sustained an objection on hearsay grounds regarding a statement defendant made to 911 operator David Truxton. We disagree. The exchange was as follows:

> *Q*. So, [defendant] called you, is that correct?
>
> *A*. Correct.
>
> *Q*. Did he tell you that he was in fear for his life?
>
> *Mr. Wiggins* [prosecutor]: Objection, your Honor. Hearsay.
>
> *The Court:* Sustained
>
> *The Witness* [Truxton]: He did say that.

*The Court:* No. Sustained means it can't be answered. We'll strike that answer.

*Mr. Champion* [defense counsel]: Your honor, it's already been testified. The doors [sic] been opened to what he said to this officer. I'm trying to get a complete record of what was said.

The trial judge replied:

But it's not my fault you didn't object to it, and it would have been statements offered for the truth of the matter asserted, which are admissible under Michigan Rule [of Evidence] 801. But it wouldn't be admissible because he's not a party—he's not your party opponent. It's his [the prosecutor's] party opponent, which makes his statements admissible for the Prosecutor but not admissible for the defense at this time.

Defense counsel responded: "But under the rule of completeness is what I'm asking for." The trial court noted: "What rule is that? 801—I've already ruled. 801(D)(1). It's sustained."

Defendant does not challenge the trial court's ruling on evidentiary grounds, but on the basis of judicial bias. Defendant contends the trial judge did not allow defense counsel's question to be "used as it was to help the defense and [] to show [defendant] was acting under duress." Defendant misconstrues the phrase "truth of the matter asserted." As a general principle of law, "[e]vidence that is properly authenticated may nonetheless be inadmissible hearsay if it contains out-of-court statements, written or oral, that are offered for the truth of the matter asserted and do not fall under any exception to the hearsay rule." *People v Smith*, 336 Mich App 79, 110; 969 NW2d 548 (2021) (quotation marks and citation omitted).

Defendant's misunderstanding of hearsay does not provide him with a colorable claim of judicial bias. The dialogue in no way "create[s] in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." *Aceval*, 486 Mich at 889. As recognized by this Court in *Jackson*, 292 Mich App at 599: "[T]he record discloses that the trial court provided principled reasons, grounded in the evidence and the law, for its evidentiary ruling[]. Its ruling[] do[es] not reflect a deep-seated favoritism or antagonism to the extent that the exercise of fair judgment was not possible." Consequently, defendant fails to overcome his heavy burden of demonstrating the trial judge's partiality on this ground.

Next, defendant argues the trial judge was biased because he deprived defendant of his defense of duress. Defendant essentially raises the same arguments as his appellate counsel regarding the trial court's ruling on the duress jury instruction. As discussed, because defendant failed "to present evidence from which a reasonable jury could conclude that the elements of the defense have been met, then the defendant [was] not entitled to the defense instruction and the jury [was] precluded from considering the defense." *Kolanek*, 491 Mich at 411. As a result, defendant cannot establish judicial bias on this ground.

Next, defendant argues the trial judge was biased because he acted with advocacy and partiality. During closing argument, the prosecutor repeated the statement defendant made to 911

dispatcher, Erika Nyam: " 'They can kill me if they want, because this is the only way this is going to end.' " During his closing argument, defense counsel noted this statement was not on the recording, and informed the jury they "never heard it in the recording." The prosecutor objected, and the trial judge sustained the objection because he "heard [defendant make this statement] during the recording." Defendant argues the trial judge's assertion "pierced the veil of judicial impartiality[,]" *Jackson*, 292 Mich App at 598, because it amounted to the trial judge "asserting he sided with the prosecutors [sic] argument." "[I]t was the jurys [sic] job to decide if that is what was said in the recording not the trial court judge." The trial judge instructed the jury regarding the statement:

> The prosecution has introduced evidence of a statement that it claims the Defendant made. Before you may consider such out of court statements against the Defendant you must first find the Defendant actually made the statements as given to you. If you find that the Defendant did make the statements, you may give the statement whatever weight you think it deserves. In deciding this you should think about how and when the statement was made and about all the other evidence in the case. You may consider the statement in deciding the facts of the case and in deciding if you believe the Defendant's testimony in court.

Further, the trial judge instructed the jury:

> My comments, rulings, questions, instructions, are also not evidence. It is my duty to see that the law is conducted according to I'm sorry—the trial—is conducted according to the law, and to tell you the law that applies to this case. However, when I make a comment or give an instruction, I'm not trying to influence your vote or express a personal opinion about the case. If you believe I have an opinion about how you should decide this case, you must pay no attention to that opinion.

From this record it is clear that the trial judge properly instructed the jury, and "[j]urors are presumed to follow the court's instructions, and instructions are presumed to cure most errors." *People v Ogilvie*, 341 Mich App 28, 35; 989 NW2d 250 (2022) (quotation marks and citation omitted). As a result, defendant fails to overcome his heavy burden of demonstrating the trial judge's partiality on this ground.

Defendant's claims that the trial judge lacked impartiality because of the defendant's prior corruption complaints against him are unsupported by the record. The trial judge correctly noted that the defendant was convicted by a jury selected by the defendant, his counsel, and the prosecutor in open court. None of the instances the defendant refers to on appeal amount to piercing "the veil of judicial impartiality." In fact, the trial judge acted fairly and impartially toward the defendant throughout the trial and sentencing. He modified PRV 5 and offense variable (OV) 1 in favor of the defendant, stating: "I'm going to err on the side of caution and grant the objection to Offense Variable # 1 and score that at zero points." The record does not support any of the defendant's claims that the trial judge was biased. Accordingly, defendant is not entitled to relief.

Affirmed.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett